THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* AMERICAN STEAM BOILER INSURANCE COMPANY of New York City, Defendant; HENRY S. WARD, as Receiver, etc., Appellant.

*Casualty insurance company — right of the receiver thereof to the interest on bonds deposited with the Superintendent of Insurance — chapters 463 of 1853, 285 of 1884 and 690 of 1892.*

As the law stood prior to 1892, the Supreme Court had no authority to interfere with the fund deposited by a casualty insurance company with the Superintendent of Insurance of the State of New York, pursuant to chapter 463 of the Laws of 1853, as amended, nor had it power to compel the Superintendent of Insurance to transfer the trust imposed upon him by such act.

Chapter 285 of the Laws of 1884 provides for the transfer of securities and property by bankrupt corporations to their receivers, and for the transfer by the Superintendent of Insurance to receivers of insolvent life insurance and annuity companies of the funds and securities deposited with such Superintendent by such companies for the security of policyholders, but it is inapplicable to casualty insurance companies.

Under the provisions of sections 14 and 76 of chapter 690 of the Laws of 1892, the duly appointed receiver of a casualty insurance corporation, whether it be solvent

or insolvent, who has given the bond in such act provided for, is entitled to the interest accruing upon securities deposited by the corporation with the Superintendent of Insurance of the State of New York, pursuant to the provisions of chapter 463 of the Laws of 1853.

VAN BRUNT, P. J., dissenting.

APPEAL by Henry S. Ward, as receiver of the American Steam Boiler Insurance Company of New York City, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of June, 1894, denying the appellant's motion to compel the Superintendent of Insurance of the State of New York to pay over to him, as such receiver, the interest accrued on a deposit made by the American Steam Boiler Insurance Company of New York City in the hands of said Superintendent.

*John C. O'Conor*, for the appellant.

*C. W. Francis*, for the respondent.

O'BRIEN, J. :

On November 5, 1893, the American Steam Boiler Insurance Company deposited, pursuant to section 6, chapter 463 of the Laws of 1853, $100,000 in bonds with the Superintendent of Insurance. The company subsequently having ceased to do business an action was commenced by the People for the purpose of dissolving the corporation for non-user, winding it up and distributing its assets. In such proceeding the receiver was appointed and duly qualified. The interest on the bonds so deposited became due on the 1st of May, 1894, and was collected by the Superintendent of Insurance, and to obtain such interest the receiver applied to this court for an order directing the Superintendent to pay it over to him, which motion was denied upon the ground that there was no power in the court to grant the application.

Although it was stated upon the argument that there was no question as to the company's solvency, the fact being that it was not only able to pay all its debts, but would in addition pay a large dividend to the stockholders, this does not appear in the petition and cannot, therefore, be considered. As the law stood prior to 1892 there was no authority in this court to interfere with a fund such as this deposited under chapter 463 of the Laws of 1853, as amended,

it having been directly held in the case of *Ruggles* v. *Chapman* (59 N. Y. 163) that the courts have no power to compel the Superintendent to transfer the trust imposed upon him by said act. The judge writing the opinion in that case, in speaking of the difficulties in the way of harmonizing the two independent schemes of dealing with an insolvent insurance company, with part of its assets in the hands of the Superintendent of Insurance and part in the hands of the receiver, says: " We venture to add that it is better that the legislative power should be invoked to resolve the difficulty and to provide for the protection of the rights of the parties interested in such cases by general laws, than that the courts should attempt to build up a system out of the discordant and scanty material of positive enactments now to be found in the statutes." To justify a transfer of the principal or interest in the hands of the Superintendent of Insurance express legislative authority must be shown.

In the opinion of the court below reference was made to the act of 1884, chapter 285, which provides that the court, upon the application of the Attorney-General, should direct a transfer to the receiver of such corporation of the securities or fund deposited with the insurance department; and for the reason that the application was not so made, but was opposed by the Attorney-General, and as none of the provisions of that act was applicable to sustain the motion made, the court, therefore, denied it. We do not think that the law of 1884 has any bearing upon the question here. As shown by its title, the act itself is one to provide for the transfer of securities and property by bankrupt corporations to their receivers, and for the transfer by the Superintendent of Insurance to receivers of insolvent life insurance and annuity companies the funds and securities deposited with such Superintendent by such companies for the security of policyholders. By its first section it makes provision for all cases where receivers are appointed for any corporation excepting only an insurance company; and by the second section it confines itself to the receivers of insolvent life insurance and annuity companies. The defendant here is an insurance company; but it is neither a life nor an annuity company, and, being a casualty insurance company, the law of 1884 is inapplicable.

Impelled, no doubt, by the force of the suggestions contained in the opinion from which we have quoted (*Ruggles* v. *Chapman,* 59

N. Y. 165), and the sentiment existing in favor of having the laws relating to these different companies consolidated and harmonized, the Legislature, in 1892, recognizing the various forms of insurance, classified them, making special provisions for each class and repealing laws, among others that of 1853, inconsistent with the new provisions. In addition to general regulations applicable to all insurance companies, the provisions for the different kinds relating to " life, health and casualty insurance corporations " — within which category this defendant would come — are embraced between sections 70 and 92 inclusive of the act. (Chap. 690, Laws of 1892.) Among the general provisions we find that section 14 provides that " so long as the corporation depositing the securities shall continue solvent and comply with the laws of the State, it shall be permitted by the Superintendent to collect the interest or dividends on such deposits." And by section 76, which has special application to a corporation such as the defendant company, it is provided that when such a corporation is deemed insolvent and a receiver thereof appointed, the latter, upon giving his bond, " shall take possession of all (such) assets and credits, including the securities deposited in the insurance department." It will thus be seen that in either contingency, of the solvency or insolvency of the company, the interest should go to the receiver ; in the case of solvency, by the express language of section 14 ; and in the case of insolvency, by the fair construction to be given to section 76, which requires that the shares deposited in the insurance department could be taken possession of by the receiver. It does not weaken the receiver's position that he did not ask for the bonds themselves. If there is express authority for his right to the securities, this confers power upon the court in a proper case to direct the payment of the interest realized upon bonds to the receiver. In other words, the greater power that is given to the court of directing the transmission of the securities themselves necessarily includes the lesser, of ordering the transfer of interest realized from such securities. The Superintendent was not required by any statute to collect the interest, because this would place in his hands an amount in excess of the deposit required by law ; and having this money, no reason was suggested why he should not pay it over to the receiver.

We think, therefore, that the court has the power in a proper

case to grant the application. The learned judge below, upon the ground that the court had no power, refused to and did not pass upon the merits of the application. The petition here is rather meager, in failing to state the exact financial condition of the company ; and to the end that this may be remedied and all the facts bearing upon the question presented, a new application should be made, and an opportunity afforded the Attorney-General to furnish reasons, if any, why the application should not be granted.

The order accordingly should be reversed, with leave to renew, without costs to either party.

PARKER, J.:

I think Mr. Justice O'BRIEN's position is in accord with a reasonable construction of sections 14 and 76 to 92 of the Insurance Law of 1892. It is not pretended that any possible public service can be subserved by a denial of the application. If the present statute is not broad enough then further legislation must be had in the premises ; otherwise, this large deposit will be unjustly diverted from one of the uses for which it was intended. This fact should not, of course, prompt a strained construction, and a reference to it is only made that the probable reason for the carefully chosen language of section 14 may be properly appreciated. It reads :

" So long as the corporation depositing the securities shall continue solvent and comply with the laws of the State, it shall be permitted by the Superintendent to collect the interest or dividends on such deposits."

By section 76 of the same act it is provided what shall be done with the securities in the event of insolvency. It is conceded that the defendant is solvent, but urged that section 14 requires something more in order to entitle it to collect the dividends and interest upon its securities, to wit, that it shall continue in the conduct of the business which prompted the incorporation. A sufficient answer would seem to be that the section says nothing of the kind. No reference is made to the business of the corporation or its conduct in the clauses concerning the collection of dividends and interest. Broader language is employed : " So long as the corporation depositing the securities shall continue solvent and comply with the laws of the State, it shall be permitted " to collect dividends. The defendant is

solvent and complying with the laws of the State; it has concluded to pay its obligations and go out of business, as the statute provides that it may, and to that end it is strictly employing the methods and procedure provided by the law of the State.

It would seem to follow that it is entitled to the dividends and interest.

VAN BRUNT, P. J. (dissenting):

I cannot concur in the conclusion of Mr. Justice O'BRIEN that this motion should have been granted. Although the Superintendent is not required by any statute to collect the interest upon the securities deposited with him, it is only as long as the corporation depositing the securities continues solvent and complies with the laws of the State that it is permitted by the Superintendent to collect the interest or dividends on such deposit. It is manifest that it was the intention of the Legislature to only allow the corporation, so long as it was continuing its business, to collect the interest upon its securities, because there is no provision for any one collecting this interest except in the contingency which has happened in the case at bar. In order to entitle the corporation to collect the interest, it must continue solvent and comply with the laws of the State. This cannot have been intended to apply to a corporation which is in the hands of a receiver, because, although it may be solvent, it is not continuing its business, and does not come within the language which is claimed as an authority for the granting of the motion in question.

It is undoubtedly true that the receiver is the successor of the corporation. But where a statute confers upon a corporation the power to do a thing, it certainly is not intended that the receiver shall have the same power which the statute confers upon the corporation itself. Therefore, when the statute speaks of a corporation being entitled to collect this interest, it means an acting corporation and not a corporation which has ceased to do business and is in the hands of a receiver.

I think the order appealed from should be affirmed, with costs.

Order reversed, with leave to renew, and without costs to either party.