The People of the State of New York, Appellant, *v.* The American Steam Boiler Insurance Company, Henry S. Ward, as Receiver, Respondent.

1. Insurance Company — Receiver — Securities in Insurance Department. The provision of section 76 of chapter 690 of Laws of 1892 (the Insurance Law), which empowers receivers of insurance companies to take possession of all the assets of the company, including the securities deposited in the state insurance department, refers only to companies issuing registered policies and annuity bonds.

2. Interest. The interest collected upon such securities follows the principal; and a want of power in a receiver to take possession of the securities deposited in the insurance department also prevents him from obtaining possession of the interest collected thereon.

3. Casualty Company — Receiver — Interest on Securities. A receiver of a casualty company organized under chapter 463 of the Laws of 1853 and which had not issued registered policies or annuity bonds, appointed by the court in an action brought for the dissolution of the company, is not entitled, after judgment of dissolution but before the rights of the policyholders have been settled, to compel the superintendent of insurance of the state of New York to transfer to him interest collected by the superintendent upon securities deposited in the insurance department by the company for the benefit of its policyholders.

*People* v. *A. S. B. Insurance Co., etc.* (87 Hun, 229), reversed.

(Argued June 3, 1895; decided October 8, 1895.)

Appeal by the superintendent of insurance of the state of New York from order of the General Term of the Supreme Court in the first judicial department, made May 17, 1895, which affirmed an order of Special Term, directing said superintendent to transfer and pay over to the receiver of the American Steam Boiler Insurance Company the interest collected by him upon the securities deposited by the company for the protection of policyholders.

The facts, so far as material, are stated in the opinion.

*John W. Hogan* for appellant. The superintendent of insurance holds the securities deposited by the company named, by virtue of a statutory trust created for the benefit and protection of the policyholders, and the courts are power-

less to divest him of the trust. (Laws of 1853, chap. 463, § 6; Laws of 1860, chap. 328; Laws of 1865, chap. 328; Laws of 1853, chap. 463, § 17; Laws of 1879, chap. 161; Laws of 1888, chap. 517; *Ruggles* v. *Chapman,* 59 N. Y. 163; 64 id. 557; 80 id. 152; 59 id. 165; *In re G. M. L. Ins. Co.,* 13 Hun, 115; 74 N. Y. 617; *People* v. *A. S. B. Co.,* 81 Hun, 498; Laws of 1892, chap. 690, §§ 70–72; Laws of 1869, chap. 902, §§ 72–76; 5 R. S. [8th ed.] 4465, 4480; *People ex rel.* v. *Chapman,* 5 Hun, 222; *Smyth* v. *Monroe,* 84 N. Y. 354–362; *Atty.-Gen.* v. *N. A. L. Ins. Co.,* 89 id. 152; 85 id. 485; 82 id. 172; Laws of 1869, chap. 292.) Section 14 of the Insurance Law of 1892 does not authorize a transfer of funds to the receiver. (Laws of 1853, chap. 463, § 6; Laws of 1892, chap. 690; *Leslie* v. *Lorillard,* 110 N. Y. 531; *People* v. *E. Ins. Co.,* 92 id. 105; *Hyatt* v. *Allen,* 56 id. 553; *Boardman* v. *L. S. & M. S. R. R. Co.,* 84 id. 157; *Smyth* v. *Munroe,* Id. 354; *L. Ins. Co.* v. *Maxwell,* 131 id. 286.) The equity powers of the court are sufficient to decree a distribution by the superintendent of the trust funds. (*In re N. A. L. Ins. Co.,* 92 N. Y. 654.)

*J. C. O' Conor* for respondent. This defendant, the American Steam Boiler Insurance Company, is governed primarily by the general provisions of article 1 of the Insurance Law, and particularly by article 2. (Laws of 1869, chap. 902, §§ 14, 70–92; Code Civ. Pro. §§ 1785, 1788, 1798, 1801.) The Insurance Law is to be considered broadly and with intent to give effect to its entire scope and meaning. It was intended to permit the Supreme Court by its receiver, duly appointed, to wind up the affairs of the corporation, as well as to allow the withdrawal of securities from the insurance department, whenever it appeared that the necessity of retaining them was no longer demanded to protect the policyholders. (Laws of 1869, chap. 902.) If the company be declared solvent, the receiver is entitled to the dividends. (Laws of 1892, chap. 690, § 14.) If the company be declared insolvent, the receiver is entitled to the dividend. (Laws of 1892, chap. 690, § 76.)

Independent of the question of solvency or insolvency, the receiver is entitled to the securities in excess of the face value of the claims against the corporation. (Laws of 1892, chap. 690, § 72.) A receiver having been appointed for the corporation upon a final judgment, the receiver is entitled to the assets of the corporation. He has the powers of a receiver of an insolvent corporation. (Code Civ. Pro. §§ 1788, 1789.)

HAIGHT, J. The American Steam Boiler Insurance Company is a casualty company organized under the provisions of chapter 463 of the Laws of 1853. Pursuant to the provisions of that act it had deposited with the superintendent of insurance the sum of $100,000 in trust for the benefit of its policyholders. In November, 1893, a judgment was entered in this action dissolving the franchises of the company, forfeiting its corporate privileges and appointing Henry S. Ward as receiver. After the dissolution of the corporation the superintendent of insurance collected $3,000 interest that matured upon the deposits made with him for the benefit of the policyholders. The receiver then demanded of the superintendent the transfer of such interest to him, which was refused, and thereupon an application was made to the court for an order compelling such transfer. This motion was denied at the Special Term, but the order was reversed in the General Term with leave to renew the motion. (*People* v. *Am. S. B. Ins. Co.*, 81 Hun, 498.) Upon such renewal the motion was granted, and the same has been affirmed in the General Term.

The right of the receiver to a transfer to him of the fund or security deposited with the superintendent of insurance depends upon the construction to be given to the provisions of chapter 690 of the Laws of 1892. Under the statute of 1853 it has been held that the superintendent holds the securities deposited by virtue of a statutory trust created for the benefit and protection of the policyholders, and that the receiver when appointed is not entitled to have the fund turned over to him until the rights of the policyholders have

been settled. (*Ruggles* v. *Chapman, Supt., etc.,* 59 N. Y. 163; *People ex rel. Ruggles, Receiver, etc.,* v. *Chapman,* 64 id. 557; *In the Matter of the Atty.-Genl.* v. *The N. Am. L. Ins. Co.,* 92 id. 654; *In the Matter of the Guardian Mut. L. Ins. Co.,* 13 Hun, 115; affd., 74 N. Y. 617.) By chapter 902 of the Laws of 1869 certain life insurance companies were authorized to make special deposits with the insurance department, in addition to the amount of deposits required by law, for the purpose of protecting the holders of registered policy and annuity bonds issued under the provisions of the act. In sections 7 and 8 of that act provisions were made for the conversion of the deposit into money by the superintendent and treasurer in case of insolvency, or in case it should be found that the issuing of additional policy and annuity bonds was injurious to the public interest, and pay the same over to the receiver to be distributed under the directions of the court, first, to the payment of the registered policy and annuity bondholders of the company, and then apply the surplus, if any, with the other assets to the payment of its just debts. Under this act it has been held that as to such companies the receiver was entitled to the deposit. (*In the Matter of the Application of the Atty.-Genl.* v. *The N. Am. L. Ins. Co.,* 80 N. Y. 152; *Same* v. *Same,* 82 id. 172; *Same* v. *Same,* 85 id. 485; *Smyth* v. *Munroe,* 84 id. 354–361.) The American Steam Boiler Insurance Company is not incorporated under the provisions of the latter act, has made no special deposit for the benefit of the holders of registered policy and annuity bonds and has issued no such policies or bonds. It consequently is not subject to the provisions of that act. Such was the law as it existed up to the time of the revision of 1892. Have the rights of the superintendent been changed in this regard? By section 70 of the act power is given to thirteen or more persons to become a corporation for the purpose of making various kinds of insurance, enumerating them, in which life and casualty are each particularly specified. The next section pertains to the organization of such companies, and the next to the withdrawal of securities upon

relinquishment of the business of the company. These sections are doubtless general, having reference to all of the various kinds of insurance authorized by the provisions of the act. Then follows section 73, which provides .for special deposits with the superintendent in addition to the amount required by law for the benefit of the holders of registered policies and annuity bonds. And then sections 74 and 75, both pertaining to registered policies and annuity bonds. These sections unquestionably have reference only to that class of insurance and do not apply to companies that do not issue registered policies or annuity bonds. We then come to section 76, which provides that "If at any time the affairs of any such depositing corporation shall, in the opinion of the superintendent of insurance, appear to be in such a condition as to render the issuing of *additional policies and annuity bonds* by the corporation injurious to public interest, such corporation shall be deemed insolvent and the superintendent shall report the fact to the attorney-general, who shall bring such action or institute such proceedings as may be authorized by law to be taken against an insolvent insurance corporation. If in any such action or proceeding it shall appear to the satisfaction of the court that the assets and funds of the corporation are not sufficient to justify its further continuance of the business of insuring lives, granting annuities and incurring new obligations as authorized by its charter, it shall enjoin and restrain the corporation from the further transaction of its business and appoint a receiver of its assets and credits, who, upon filing his bond to the people of the state in an amount and with sureties approved by the court conditioned for the faithful performance of his duties, shall take possession of all such assets and credits, including the securities deposited in the insurance department." Here we have express statutory authority for the receiver to take possession of the deposits, but do the provisions of the section have reference to insurance companies generally, or are they limited to the companies issuing registered policies and annuity bonds? This section and the one that follows it are

a substantial reproduction of sections 7 and 8 of chapter 902 of the Laws of 1869, which, as we have seen, have reference only to companies issuing registered policies and annuity bonds. They immediately succeed sections 73, 74 and 75, which also pertain to the same class of insurance. Section 76 refers to them as "such depositing corporations," and speaks of annuity bonds; thus, as we think, referring to that particular class of insurance, and not to insurance companies generally. If we are correct in this view, it follows that the provisions of section 76 have no application to casualty insurance companies, and that consequently there has been no change in the statutes affecting the right of the superintendent to retain the funds or securities deposited with him until the rights and equities of the policyholders are fully determined and adjusted.

We see no reason why the interest must not follow the principal. By section 14 of the act the corporation, so long as it shall continue solvent and comply with the laws of the state, shall be permitted by the superintendent to collect the interests or dividends upon its deposits. This, doubtless, has reference to a solvent corporation still continuing active business. It has no application to a corporation that has ceased to exist and has been dissolved by a judgment of the court. Thereafter the superintendent holds the deposits or securities under the trust created by the statute for the benefit of the policyholders, and as such is entitled to collect the interest thereafter accruing and treat it as a part and parcel of the trust in his hands.

This motion does not conform to the provisions of section 72 of the act, and consequently it need not be here considered.

The orders of the General and Special Terms should be reversed and the motion denied, but without costs to either party.

All concur.

Orders reversed.