GLOVER v. ST. LOUIS MUTUAL BOND INVESTMENT CO., *Appellant.*

In Banc, April 3, 1897.

1. **Bond Investment Company:** INSOLVENT CORPORATION: RECEIVER: CREDITOR. A receiver for an insolvent corporation (in the circumstances described in the opinion) may be appointed, at the instance of a creditor, under the statutes of Missouri, to compel payment for property diverted from the corporation by any of the officers thereof.

2. ——: FUNDS DEPOSITED WITH STATE TREASURER: STATUTORY TRUST: STATUTE. Funds deposited with the State treasurer as security, under the act of 1893 touching bond investment companies, are affected with a statutory trust. No court order in regard to them should be made without first giving opportunity to the State treasurer to show cause against it, if desired; and the fund should in no event be ordered from the present custodian until actually required for some lawful purpose.

3. **Practice:** RECEIVER: APPOINTMENT. A sworn petition stating good cause for a receivership is sufficient to warrant the appointment of a receiver, in the absence of any contrary showing.

4. **Appellate Practice:** NEW DEFENSE. The defense of another action pending must be presented seasonably to the trial court, otherwise it is not available upon appeal.

5. **Practice:** APPEAL. An appeal lies by statute from an order, in vacation, refusing to vacate the appointment of a receiver.

*Appeal from Jasper Circuit Court.*—HON. E. C. CROW,
Judge.

AFFIRMED. .

The amended petition of the plaintiff, mentioned
in the opinion, is substantially as follows, omitting
caption and signature:

## "PETITION.

"The plaintiff, John M. Glover, for cause of action
against the defendant, The St. Louis Mutual Bond
Investment Company, *alias* The Equitable Savings
Investment Company, states:

"That the said defendant is a corporation duly
organized and existing under and by virtue of the laws
of the State of Missouri; that its principal office and
place of business is now in Webb City, Jasper county,
Missouri.

"That the plaintiff herein on the 4th day of May,
1896, recovered a judgment in the circuit court of the
city of St. Louis against the defendant for the sum of
fifteen hundred dollars, with costs of suit, and that
execution was duly issued thereon, directed to the
sheriff of Jasper county, Missouri, which execution is
still in the hands of said sheriff, unsatisfied. Plaintiff
further states that one G. S. Hoss also, on the 24th day
of March, 1896, recovered a judgment in the circuit
court of the city of St. Louis, against said defendant,
for the sum of two thousand dollars, under the name of
Equitable Savings Investment Company, of Webb City,
which name defendant often assumes and under which
it pretends to do business, and receives its mail, and
pretends to be winding up the business of the defend-
ant; and execution was duly issued on said judgment,

directed to the sheriff of Jasper county, Missouri, which execution is still in the hands of said sheriff unsatisfied. And plaintiff alleges that said sheriff has made diligent search and efforts to find property or effects of said defendant, on which to levy said executions; and plaintiff has, by himself and by his agents and attorneys, made diligent investigation and inquiries to discover any property, effects or assets of said company on which to direct said sheriff to levy and has failed to find any; and plaintiff alleges that the articles of incorporation of the defendant provide and state that the principal office and place of business of said company defendant shall be in the city of St. Louis, but that defendant has removed its said office from there to Webb City, Missouri, and does not keep or maintain any office whatever at St. Louis; that if defendant has any money, property or effects, it keeps the same concealed, so that plaintiff can not find any trace thereof, except as hereinafter stated. And plaintiff further states that the defendant has been engaged in the issue and sale of a certain kind of bonds for the sum of one thousand dollars each, as well as other denominations, made to mature capriciously by a scheme of numbers and multiples thereof to be selected and fixed by the officers and agents of defendant, so that some of said bonds may become due after a small amount has been paid thereon for the full amount of such bonds and others at more remote times and after much more had been paid, or the whole amount thereof may be, which business and scheme is in the nature of a lottery, illegal and fraudulent, and said bonds so issued and sold are void, and plaintiff alleges that under the conditions of such bonds or policies so issued by said defendant a reserve fund was established which fund amounts to the sum of fifteen thousand dollars, which said sum has been wrongfully appropriated to their

own use by the officers of said defendant, and said defendant had also accumulated the sum of fifteen thousand dollars as earnings or profits, which also ought to be on hand in the treasury of said company, which has also been wrongfully misapplied and appropriated by the officers of defendant to their own use, and particularly by J. W. Aylor, the president of said company, and who owns all the stock of said company, except one or two shares which he has placed in the hands of his employees to make them eligible as directors therein, so that said Aylor, president of said company defendant, has absolute control of the same, the directors being said J. W. Aylor, his son, B. C. Aylor, and J. J. Nelson, his employee, so that it would be useless to apply to said officers to bring suit in the name of the company to recover said sums, so misappropriated and converted.

And if it is claimed said funds are a trust fund for redemption of said bonds or policies, then plaintiff says such bonds and policies are illegal and void, wherefore such funds should be applied to pay the legitimate debts of said defendant and particularly of plaintiff's judgment herein set out.  And plaintiff further states that the only property or assets of said defendant corporation that he can get any trace of that is now in existence, since the misappropriation of said funds above stated, is a certain mortgage bond or note for the sum of one hundred thousand dollars, the sum of eighteen thousand dollars of the waterworks bonds of Webb City, Missouri, and the sum of twelve thousand, seven hundred and eighty dollars in cash, all of which plaintiff charges is the property of said defendant, and the same is all deposited by said defendant with the State treasurer of the State of Missouri and are in his custody and control, and which the defendant claims and pretends

is a trust fund to secure payment of said fraudulent, illegal, and void bonds or policies, so issued by defendant, wherefore, as plaintiff alleges, such bonds and policies being fraudulent, illegal, and void, such property, assets, and cash of defendant can not be held for such purpose, but ought to go to pay the general *bona fide* creditors of defendant, and particularly the judgment of plaintiff; and further, even if such bonds and policies should be held a valid claim against said assets to any extent, still plaintiff alleges there would be sufficient surplus, after taking up all of said bonds, now to pay plaintiff's judgment as aforesaid. And plaintiff further alleges that the defendant disguises and conceals its manner of doing business by assuming a name different from its real name as aforesaid, by keeping its office closed during business hours, by concealing its books and records, and by pretending that it is going out of business, or that it is winding up its business; that its officers have refused to make any effort to pay plaintiff's judgment, but have and do claim that no part of its said assets and effects in the custody of the State treasurer as aforesaid shall be applied to the payment of plaintiff's judgment; and plaintiff alleges from information and belief, that a large part of said bonds or policies have been taken up or retired by defendant or have been by it declared forfeited; so that there would be sufficient surplus in any event to pay plaintiff's judgment after all of said outstanding bonds shall have been paid. And plaintiff says that he has no remedy by the strict rules of the common law to reach said assets and effects of defendant, and that the only way the same can be reached is by the process and decree of a court of equity; that said company defendant is totally insolvent outside of said assets and effects in the hands of the treasurer of State of the State of Missouri.

"Wherefore plaintiff prays that a receiver may be appointed to wind up the affairs of said company, the corporation defendant herein, to receive said moneys and assets in the hands and in the custody of the Treasurer of State as aforesaid, and to recover from said officers of said defendant corporation the funds so misappropriated by them and converted to their own use, and to subject such assets and funds to payment of all the just debts and obligations of said defendant, and particularly the payment of the judgment obtained by plaintiff as aforesaid; and for such other and further relief as plaintiff may be entitled to in equity and good conscience."

The order appointing the receiver is as follows (omitting caption):

## "ORDER.

"This cause coming on to be heard upon the complainant's motion for a receiver in vacation, and it appearing that the petition herein has been filed with the judge of this court in vacation, it is by the judge of this court ordered, adjudged and decreed that the prayer be sustained and W. S. Chinn is by the judge of this court appointed receiver of all and singular the money, property, effects, assets and accounts, notes, bills and evidences of debts, paper books and other property of every kind and character in any way connected with or belonging to the defendant company; to have and to hold the same subject to the direction and control of the court, and the defendant company, its officers, agents, servants and employees are commanded and required to forthwith transfer and deliver over under oath to said receiver all and singular the books, papers, notes, evidences of debt, accounts, moneys, credits, contracts, ledger and effects of every kind or character in their possession or under their control,

and said receiver is ordered and directed to take into his possession all of such assets, books, papers, and property and hold the same subject to order of court, and he is required and directed to collect all money and profits, if any, now due the defendant company, or to become due, and to collect all claims and choses in action, of every kind or character, and he is authorized and empowered to prosecute and bring all suits and legal proceedings as may be necessary or advisable in the performance of his duties, and to defend all suits or proceedings brought against him as receiver or in anywise affecting the property, in his hands, and said receiver is ordered to forthwith file a good and sufficient bond in the sum of ten thousand dollars, to be approved by the judge of this court, to secure the faithful performance of his duties as receiver, and the defendant company, its officers, agents, servants and employees, are commanded and required to at once cease the transaction of any business of any kind in the name or on the behalf of the defendant company, and the defendant company and its officers and agents are directed, if they so elect, to show cause, if any there be, before the circuit court of Jasper county, Missouri, at Carthage, on the first day of the September term, 1896, why the order of appointment of aforesaid receiver shall not in all things be confirmed.''

The other material facts are stated in the opinion of the court *in banc.*

*W. H. Phelps, Howard Gray*, and *Frank L. Forlow* for appellant.

*John M. Glover; H. H. Harding*, of counsel, for respondent.

(1)  This court can not consider objections not taken below.  R. S. 1889, sec. 2302; *Haniford v. City of Kansas*, 103 Mo. 173.  (2) The court below had

jurisdiction of the subject-matter and the person.   R.
S. 1889, sec. 2529; *Mikel v. Railroad*, 54 Mo. 145;
*Roberts v. State Ins. Co.*, 26 Mo. App. 95; *Rippstein
v. Insurance Co.*, 57 Mo. 86.    (3) A return *nulla bona*
was not essential.    *State Savings Association v. Kellogg*,
52 Mo. 583; *Hearlson v. Mason*, 53 Mo. 211; *Turner v.
Adams*, 46 Mo. 95; *Humphreys v. Atlantic Milling Co.*,
98 Mo. 548.    (4) The courts below had both inherent
and statutory power to appoint the receiver independ-
ent of Session Act 1893, p. 121.    *Cox v. Volkert*, 86
Mo. 505; *State ex rel. Gambs*, 68 Mo. 289; *Thompson
v. Greeley*, 107 Mo. 77; *Alberger v. Bank*, 123 Mo. 313.
(5) The surplus of the deposit with the State treasurer
is equitable assets for the payment of general creditors.
*Lancashire Ins. Co. v. Maxwell*, 5 N. Y. S. 402; *Ruggles
v. Chapman*, 59 N. Y. 164; *Cook v. Warner*, 14 Atl.
798; *Relfe v. Columbia Ins. Co.*, 10 Mo. App. 164;
*Pendleton v. Perkins*, 49 Mo. 568.    (6) The proper way
to reach it is through a receiver.    *Gill v. Balis*, 72 Mo.
424; *Bailey v. Mosler*, 63 Fed. Rep. 491.    (7) The
prior application for a receiver in St. Louis was mere
matter in abatement, and not having been pleaded is
waived.    *State ex rel. v. Withrow*, 108 Mo. 1; *Bonner v.
Hearne*, 12 S. W. Rep. 38; *Earl v. Raymond*, 4 McLean,
233.    (8) The restraining order was a mere incident to
the receivership, and not within the statute on injunc-
tions requiring a bond.    *Woerrishofer v. North River
C. Co.*, 99 N. Y. 398.

BARCLAY, C. J.—The present is an appeal taken
under the amendment to section 2246 (Laws 1895, p.
91) from an order refusing to vacate the appointment
of a receiver.    The plaintiff is a judgment creditor of
the defendant.    He filed a petition in the circuit court
of Jasper county in 1896 on which he asked (and the
learned circuit judge ultimately granted) a receivership

for the purposes outlined in the prayer of the petition, which may be found in the opening statement. On considering the petition Judge CROW made an order on defendant to appear before him to meet the application for a receiver. Defendant appeared accordingly and answered, denying the allegations of the petition, and stating that the proper name of defendant was (and had been since October, 1894) the Equitable Savings Investment Company.

The application for a receiver was then heard by the learned circuit judge.

The petition was supported by plaintiff's affidavit; and other testimony was submitted tending to prove various charges in the petition. The defendant offered no testimony, and the learned judge then made an order for a receiver as prayed. He afterward refused to vacate the order and the defendant appealed, after duly saving exceptions.

All these steps before Judge CROW occurred in the vacation of the circuit court. The question for review is whether plaintiff was entitled to have the receiver appointed on any of the grounds indicated by the allegations of his petition. *Merriam v. Railroad* (1896) 136 Mo. 145 (36 S. W. Rep. 630.)

1. Under sections 2790, 2791 and 2792 (R. S. 1889) the circuit court has an extensive statutory jurisdiction (irrespective of any more ancient one in equity) to appoint a receiver for a business corporation, at the instance of a creditor, in the cases enumerated. That jurisdiction is to be "exercised as in ordinary cases" (sec. 2792), which provision, read in connection with section 2193, implies, we think, a grant of authority to the judge in vacation, as well as to the court in term, to appoint a temporary receiver (under those sections) when the occasion demands. One of the purposes for which such an appointment may

be made is to compel payment by any of the officers of a corporation of any money (or of the value of any property) diverted wrongfully from the corporation to their individual use (sec. 2790). A receiver appointed with that object may be authorized to sue for, and recover, any debts, demands, or property due, or justly belonging, to the corporation. The provisional order of appointment, in the case at bar, directed the receiver to so proceed.

The petition before the court charges that some of the officers have appropriated to their own use funds of the corporation to the amount of thousands of dollars; and that they have been guilty of other improper acts calculated to defeat the collection of plaintiff's demand. It is charged that there are no available assets or property of the corporation that can be reached by ordinary process of law to satisfy plaintiff's judgment. The case made by the petition is supported by the oath of the plaintiff, and no contradictory proof was submitted to the learned circuit judge. It seems to us that the latter was obviously right in making the appointment on such a showing.

2. But it may be appropriate (in view of some observations in the briefs) to say, at this time, that the court *in banc* does not deem it proper to now determine the question of plaintiff's right, by means of the receivership, to reach the fund or securities in the custody of the State treasurer as a deposit under the act of 1893, concerning bond investment companies (Laws 1893, p. 121). That question may arise at some subsequent stage of the suit, but we do not desire our affirmance of the judgment to be understood as a ruling upon it. The order for a receiver does not expressly purport to affect the deposit with the State Treasurer, and it should not be construed to have such

an effect.   Even if any part of the deposit was avail-
able for the purposes of the receivership, it ought not
to be taken from the charge of its present custodian
until required to be actually applied for such purposes.
*People v. Chapman* (1876) 64 N. Y. 557; *In re Guardian
Mut. Life Ins. Co.* (1878) 13 Hun. 115, affirmed (1878)
74 N. Y. 617. And no order to that end should be made
without first affording the Treasurer opportunity to
fully show the terms of the deposit and to be heard, if
desired, as to the receiver's right to take control of
any part of the deposit for the purposes of the pending
suit.   The Treasurer is the trustee of a statutory trust,
the nature of which must be gathered from the terms
of the act creating the trust.   *Lancashire Ins. Co. v.
Maxwell* (1892) 131 N. Y. 286 (30 N. E. Rep. 192);
*People v. Ins. Co.* (1895), 147 N. Y. 25 (41 N. E. Rep.
423).   It will be time enough to determine the exact
limits of his duty as trustee when all the facts bearing
on the subject are before the court, which they do not
now appear to be.

3. One of the assignments of error on this appeal
refers to certain facts put in evidence by plaintiff
which defendant asserts have a tendency to show that
another suit of similar purport was pending in St.
Louis when this one was brought, and that the former
is yet undetermined.   Defendant, hence, argues that
the appointment of a receiver in the case at bar was
without authority, or at least erroneous, in view
of the prior action pending.   Without closely examin-
ing the facts indicating the nature and scope of the
earlier action referred to, it is enough to say that, as
defendant filed an answer containing only a general
denial and a plea of misnomer, it can not, after the
trial judge has acted on the issue thus made, raise
then, for the first time, the new issue of a former
action pending.   Such a plea must in some wise be

interposed at a seasonable time. The learned judge could not have erred in ignoring that defense to the application for a receiver when no intimation was given to him of any intent to rely on such a defense until after he had granted the application.

4. As plaintiff, on the case made by his bill, is obviously entitled to the aid of a receivership for the reasons first above given, the order of the learned circuit judge is affirmed, and the cause remanded to the circuit court for further proceedings. GANTT, MAC-FARLANE, and BURGESS, JJ., concur. SHERWOOD, J., is absent, and ROBINSON and BRACE, JJ., do not take part.