PERCY F. HAMMAR et al., Respondents, v. ST. LOUIS MOTOR CARRIAGE COMPANY, Appellant.

St. Louis Court of Appeals, February 21, 1911.

1. CORPORATIONS: Dissolution: Effect. A dissolved corporation has no officers, directors or legal existence and is dead and without capacity to appear by counsel.

2. ————: ————: Denial of Corporate Existence: Effect of Appearance. The appearance of a corporation to a suit brought against it is conclusive evidence of its legal existence, for the purposes of that case, precluding the admission of evidence tending to show it was dissolved before the action was brought, although such evidence was offered in support of a plea contained in its answer.

3. RECEIVERS: Corporations: Insolvency: Compelling Restitution from Directors. Where a corporation, pending plaintiff's action against it, transferred its assets to another corporation, and the directors appropriated all of the proceeds to their own use and ceased to act for it, and the corporation had no place of business and no property to satisfy plaintiff's judgment, it was proper to appoint a receiver to compel restitution from the directors.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED AND REMANDED.

*Stern & Haberman* for appellant.

The old corporation was effectually dissolved, the issue made by the pleadings, and the court should not have sustained the objection to the introduction of the evidence. R. S. Mo. 1909, secs. 3031, 3006, 2995; Farmer v. Gallagher, 43 Mo. App. 482; Moore v. Whitcomb, 48 Mo. 543; 2 Cook on Corporations, sec. 629.

*Carter, Collins, Jones & Barker* for respondents.

(1)    Defendant, not having filed a denial of its corporate existence under oath, as required by section 1985, R. S. 1909, must be held to have admitted that fact for the purposes of this case. R. S. 1909, sec. 1985; Ludowski v. Benevolent Assn., 29 Mo. 338; White v. I. O. O. F., 30 Mo. App. 683; Witthouse v. Railroad, 64 Mo. 524; Kupferschmid v. Railroad, 70 Mo. App. 444. (2)    Having appeared and pleaded in the case, the defendant is estopped to deny its corporate existence for the purposes of this case. Seaton v. Railroad, 55 Mo. 416; Smith v. Railroad, 55 Mo. 527; Meyer Bros. v. Ins. Co., 73 Mo. App. 169; Eubank v. Edina, 88 Mo. 654; Sappington v. Railroad, 14 Mo. App. 87. (3)    The refusal of the court to admit testimony offered by defendant to establish its non-exisence as a corporation, to-wit, the vote of a stockholders' meeting to dissolve it, was not error, for assuming that such action had been taken by the stockholders, it would not be effectual to dissolve the company for the purposes of this suit. Sec. 2996 to 3000, R. S. 1909, inclusive; Thompson on Corporations, secs. 6688 and 7722; Powell v. Railroad, 38 Fed. 187; Beyer v. Woolpert, 99 Minn. 474; Paper Co. v. Publishing Co., 7 Okla. 220; Kohl v. Lilienthal, 81 Cal. 387; Bank v. Ice Co., 24 Ky. L. R. 107.

STATEMENT.—Action for appointment of a receiver. Defendant is a manufacturing company, incorporated under the laws of Missouri. On May 19, 1905, plaintiffs brought suit against it in the circuit court of the city of St. Louis to recover damages for breach of contract, and defendant was duly summoned and appeared therein. Thereafter, about December 8, 1905, and while said suit was pending, the directors of the defendant company, acting unanimously, caused a corporation to be organized under the laws of the State of Illinois and transferred to it all of the property and assets of

the defendant company, taking therefor to themselves and in their. own names all of the capital stock of the Illinois corporation, except a few shares that went to the secretary, who was a stockholder of the defendant, but not a director. Each took in proportion to his or her holding of stock in the defendant company. Absolutely nothing went to the defendant company in its corporate capacity on account of the transfer. The stock thus received and appropriated by the directors of the defendant corporation was worth at the time from seventy thousand to one hundred thousand dollars above all the defendant's liabilities. After the transfer, the defendant company did not assert any right of ownership in the stock of the Illinois corporation, did no more business, and had no place of business. Its officers and directors abandoned it, held no meetings and discontinued acting for it, except that the plaintiffs' suit for breach of contract continued to be contested in the name of the defendant. On April 10, 1907, plaintiffs recovered judgment against defendant in said suit and had execution issued against it. A part of the judgment debt was made on the execution and it was returned *nulla bona* as to the residue. There being no property of the defendant to levy upon, plaintiffs demanded of defendant through its president that it compel restitution by the directors of property and assets sufficient at least to satisfy plaintiffs' judgment, but it refused, and plaintiffs then brought this action in the circuit court of the city of St. Louis for the appointment of a receiver to compel such restitution. Defendant appeared by counsel and filed its answer admitting that it was incorporated under the laws of Missouri and that plaintiffs had obtained judgment against it, but denying each and every allegation of the petition not expressly admitted. Said answer attempted to justify the transfer, and stated facts which it relies upon as having accomplished its dissolution before the bringing of this

action.  By said answer, defendant also offered "to cause said shares of stock to be delivered to the sheriff," etc. We may remark that at the time of this "offer" the Illinois corporation had become bankrupt and its shares worthless.  Upon the trial, the defendant offered, and the court excluded, evidence relied upon by the defendant to show its dissolution before the bringing of this action.  The evidence admitted disclosed the pertinent facts to be. as we have described them and the court made and entered its decree appointing the receiver, and defendant has appealed.

CAULFIELD, J. (after stating the facts).—I. The defendant's first and chief assignment of error is directed against the action of the trial court in excluding evidence which defendant contends would have established that the defendant was dissolved before this action was commenced.  We have no hesitation in overruling this assignment.  To contend that the defendant was dissolved was to say that it was without officers, directors or legal existence, dead and without capacity to appear by counsel.  [Ford v. The K. C. & I. Short Line Ry. Co., 52 Mo. App. 439, 452, 453.]  The Legislature has recognized this by providing that those who were president and directors at the time of the dissolution should, as trustees, administer the estate of the dead corporation for the benefit of creditors and stockholders.  [Sec. 2995, R. S. 1909.]  The defendant's attitude in appearing in court, filing an answer and offering proof of its own prior demise involved a legal absurdity.  Our Supreme Court has declared that if a corporation appears to a suit, it cannot deny its own existence; that as against the corporation itself, such appearance is conclusive evidence of its legal existence for the purposes of the pending case.  [Seaton v. Chicago, Rock Island and Pacific R. R. Co., 55 Mo. 416.]

II.  Nor are we able to agree to defendant's contention that it is not a case for the appointment of a

receiver. The petition alleges, in effect, and the proof shows, that the defendant, a manufacturing corporation, has transferred all its assets and property to another, and its directors have appropriated the proceeds to their own use, leaving nothing available by ordinary process of law to satisfy plaintiffs' judgment. By reason of such transfer and appropriation, the defendant has been incapacitated, and has ceased to transact business, and it has no place of business. Its stockholders and directors have held no meetings and its officers and directors have discontinued acting for it. They are the very ones from whom restitution must be sought. The circumstances justified the appointment of a receiver. [Glover v. Bond Inv. Co., 138 Mo. 408, 40 S. W. 110.] The judgment is affirmed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.