JOSEPHINE HARRISON, JAMES W. SOUTH-WORTH and GEORGE B. HARRISON, Respondents, v. JAMES E. DOYLE and FANNIE S. DOYLE, Appellants.

Kansas City Court of Appeals, May 13, 1912.

1. ACTIONS:. Foreclosure of Mortgage: Equity. An action to foreclose a deed of trust in the nature of a mortgage under the statute (Sec. 2829, R. S. 1909) is not an action in equity.

2. ————: Declarations of Law: Issue of Fact. In actions at law, when a jury is waived, and no declarations of law asked, the findings of the court are conclusive as to all issues of fact which the evidence afforded room for a reasonable difference of opinion.

Appeal from Howard Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*O. S. Barton* and *A. W. Walker* for appellant.

*Wm. W. Williams* and *J. H. Denny* for respondent.

JOHNSON, J.—On April 3, 1911, plaintiffs commenced this suit in the circuit court of Howard county to foreclose two deeds of trust executed by defend-

ants, who are husband and wife, to secure the payment
of certain promissory notes executed by defendant
James E. Doyle. The property conveyed in the two
deeds of trust is the same and consists of a farm of
234 acres in Howard county. The petition is in two
counts. The deed of trust which is the first lien on
the land and the notes it secures being the subject
of the first count and the other deed of trust, the lien
of which is second to that of the first deed, being the
subject of the second count. Plaintiff George B. Har-
rison is the trustee in both deeds and plaintiff James
W. Southworth is the owner of one of the notes se-
cured in the first deed. Plaintiff Josephine Harrison
is the owner of the other notes secured in that deed
and of the note secured in the second deed. Defend-
ants in their answer admit the execution of the various
notes described in the deeds of trust and further admit
that the defendant James E. Doyle is indebted on the
Southworth note in the sum claimed in the petition.
They admit that Doyle is indebted to Josephine Har-
rison on the notes held by her but allege that on Jan-
uary 1, 1911, the total amount of that indebtedness
was $8463.07, which is $1477.33 less than the amount
claimed in the petition. This difference which relates
to certain credits claimed by Doyle and denied by
Josephine Harrison is the only subject of controversy
presented by the pleadings and evidence. The cause
was tried without the aid of a jury; the issues were
decided in favor of plaintiff Josephine Harrison and
judgment was rendered in accordance with the prayer
of the petition. Defendants appealed.

No declarations of law were asked or given. The
court incorporated findings of fact in the judgment
rendered from which it appears that all the issues of
fact raised in the answer and contested in the evi-
dence were decided against the defendants. In other
words the court found that the disputed payments al-
leged in the answer in fact were not made.

Defendants endeavor to avoid the force of this finding by assuming that the action is one in equity for the foreclosure of deeds of trust in the nature of mortgages and invoke the well-recognized rule that in equity causes the appellate court will weigh the evidence and decide issues of fact and while it will defer to the judgment of the chancellor who tried the cause to the extent of making proper allowance for 'the advantages he possessed from having the parties and witnesses before him, it, nevertheless, will not hesitate to overturn his solution of issues of fact when satisfied that such solution is not supported by the weight of the evidence.

But it is very clear to us that this is not an action in equity but is one to foreclose deeds of trust in the nature of mortgages under the statute. [Section 2829, Revised Statutes 1909.] There are no equivocal titles or equities or privities to be settled. The only controversy is the amount of the indebtedness due from Doyle to one of the plaintiffs. As is well said by the Supreme Court in State ex rel. v. Evans, 176 Mo. l. c. 316:

"The parties are the mortgagee on the one side and the mortgagor and the man in possession on the other; the one holding the legal title with a defeasance, the other holding the equity of redemption and the possession; the only duties of the court are to ascertain the amount due on the mortgage debt and pass judgment that the property be sold for the amount so ascertained and that execution issue for the balance, if any, against the mortgagor's other property. When that is all there is of substance in a case it is a suit at law, even though the petition denominate it a suit in equity and states the case in language more appropriate to bills in equity. [Riley v. McCord, 24 Mo. 265.]"

As this is an action at law and defendants asked no declarations of law the findings of the court are

conclusive as to all issues of fact of which the evidence afforded room for a reasonable difference of opinion and the only question for our determination is whether or not the findings are supported by substantial evidence.

Defendants admitted the execution of the notes and pleaded certain payments for which the petition did not give credit. That is an affirmative defense and the burden is on the defendants to establish by proof the right to such credits. There is some evidence tending to support their defense but it is opposed by substantial evidence. Indeed counsel for defendants in their brief and argument appear to rest their case on the proposition, not that the judgment is without substantial evidentiary support, but that it is opposed to the weight of the evidence.

We shall not go into the mazes of the evidence. The transactions in question cover a period of almost thirty years and are most complicated and perplexing. They are intricately and confusingly interwoven with other financial transactions between the parties. Josephine Harrison had a lawyer represent her in all of these matters and he died before the institution of this suit, leaving his accounts in such confusion that nobody could understand them. His death disqualified Doyle as a witness. One of the most important pieces of documentary evidence had been mislaid by Doyle and while lost had been half destroyed by rats or mice. Both sides make large claims of what they could prove by the destroyed half. Another instrument contains figures made in pencil years ago and the figures are so dim they cannot be read. As presented by the record the evidence is so vague, so filled with cryptic figures and so interspersed with *lacunae* (always at the most important places) that no one could trace the theory of either contestant along an unbroken evidentiary line. Of course counsel for the respective parties have given us clear and plausible analyses of

the evidence in their briefs, but neither analysis offers a solid road of proof for the feet of reasonable inference to travel, but leaves hiatuses that can be crossed only on the wings of imagination. With the record in such condition—a condition due to the peculiar difficulties of the case itself and not to any fault of the lawyers—we cannot do otherwise than to say that since the notes, the credits indorsed on them and the other admitted facts afford a substantial basis for the findings and judgment and since this is a suit at law and the findings must be given the effect that would be accorded the verdict of a jury, we would not be justified in interfering with the judgment. And we shall add that if we were invested with the function of weighing the evidence in such cases we would be compelled to hold as did the trial court that defendants had not sustained their burden of proof. The judgment is affirmed. All concur.