COMMERCE TRUST Co., Respondent, v. L. M.
WHITE et al., Appellants.

### Kansas City Court of Appeals, March 3, 1913.

1. **CHATTEL MORTGAGE: Foreclosure: Receiver.** A mortgagee of personal property sold to a third person, who was putting it to such improper use as to destroy its value. In an action to foreclose the mortgage, in which this third person was made a party, it was *held* the circuit court had authority to appoint a receiver for the property.

2. ——: ——: ——: **Action at Law: Equity: Security.** An action simply to foreclose a mortgage lien, is made an action at law by statute. But that does not deprive a court of equity from exercising its power to foreclose in all cases needing the aid of a court of equity to preserve the security.

3. ——: ——: ——: **Debtor: Solvency: Security: Receiver.** The fact that the debtor in a chattel mortgage may be solvent, will not prevent a court of equity from protecting the security from destruction at the hands of a third party, in possession, by appointing a receiver. A right to security from a debtor carries with it a right to have equity protect such security.

Appeal from Jackson Circuit Court.—*Hon. E E. Porterfield,* Judge.

AFFIRMED.

*W. B. Yoder, H. H. McCluer* and *C. H. Nearing* for appellants.

(1) This is a suit at law. Harrison v. Doyle, K. C. App. 147, S. W. Rep. 504; State ex rel. v. Evans, 176 Mo. 314; Fithian v. Monk, 43 Mo. 517; Riley v. Mc-Cord, 24 Mo. 265. (2) A receiver cannot be appointed in a suit at law. Miller v. Perkins, 154 Mo. 629-637; 34 Cyc. Law and Procedure, 102; Ochme v. Rucklehams, 50 N. J. L. 84, 11 Atl. 145; Murphy v. Fidelity, 69 Neb. 489, 95 N. W. 1022. (3) A receiver cannot be appointed except in case of extreme necessity. Ford v. Railroad, 52 Mo. App. 439-448; Bank v.

Field, 156 Mo. 306; 34 Cyc. Law and Procedure; 23 High on Receivers (4 Ed.), 6.   (4)   A receiver will not be appointed when there is an adequate remedy at law.   Benton v. Morgan, 163 Mo. 677-678; Schuester v. Meyers, 148 Mo. 429-430; Burgers v. Battleman, 41 Mo. 480; Echelkamp v. Schrader, 45 Mo. 505; 34 Cyc. Law and Procedure, 23.

*Robinson, Goodrich & Robinson* for respondent.

The undisputed allegations of plaintiff's petition, supplemented by the evidence on the only controverted fact, unquestionably authorized the appointment of a receiver in this case.   Glover v. Ins. Co., 138 Mo. 408; Tuttle v. Blow, 176 Mo. 158.

ELLISON, P. J.—Defendants, other than Burkhardt, executed a chattel mortgage to plaintiff on a livery stable stock to secure a note for three thousand dollars.   They afterwards sold the stock to defendant Burkhardt and delivered possession to him.   Burkhardt refused to deliver the property to plaintiff and disputed the validity of its lien.   Thereupon plaintiff instituted this action, which is stated in two counts. The first seeks a judgment on the note, and the second sets up the chattel mortgage, the sale to Burkhardt, his promise to pay the note and his failure to do so and his subsequent denial of the mortgage lien.   It is further alleged therein that the property is inadequate to secure the full amount of the note and that it is of a perishable nature, depreciating in value; that Burkhardt had already disposed of a part of the property, and that the remainder will be so used by him as to become valueless, but during such use he will be appropriating the income or profits.   That a judgment had been rendered against him, on which the plaintiff was about to have execution issued and levied upon the mortgaged property.   That the property will be wasted and destroyed unless a receiver be appointed to take

charge of it. That Burkhardt is insolvent and in the event of the loss of the property through him, plaintiff would have no adequate remedy for such by an action for damages. The petition then closes with a prayer for the appointment of a receiver and the foreclosure of its mortgage lien. The trial court granted the prayer for the receiver and defendant Burkhardt alone thereupon appealed from that order.

The jurisdiction to appoint a receiver is first challenged and then the right to do so is questioned. The two objections may be considered as one. Notwithstanding the action in its principal aspect is one at law to recover judgment on a promissory note, the pleading shows the note to be secured by a chattel mortgage, the property being subsequently put into the hands of a third party who is insolvent and wasting it to the destruction of the lien which plaintiff asks to be foreclosed. This was sufficient to call into existence the power of the court to appoint a receiver. [Tuttle v. Blow, 176 Mo. 158; Glover v. Ins. Co., 138 Mo. 408; Tuttle v. Blow, 163 Mo. 625.] These cases show that while a statute allows a mortgage to be foreclosed as an action at law, it does not deprive circuit courts of their equity powers in such cases, and that a receiver may properly be appointed in such an action. Defendant cites us to Miller v. Perkins, 154 Mo. 629, where it is held that (in the absence of statutory authority) a receiver cannot be appointed in an ordinary action at law merely seeking a money judgment. But that is not this case. The object of this case is to foreclose a mortgage lien. Again he cites from this court Harrison v. Doyle, 163 Mo. App. 602. That case merely decides that the statute makes the ordinary foreclosure of a mortgage a law action. In support of what is there said, State ex rel. v. Evans, 176 Mo. l. c. 316, is cited; but by reference to page 317 of that report it will be seen the court, in keeping with the cases first above cited, reasserts that ''courts of equity retain

their original jurisdiction and mortgages are still fore-closed through equity jurisprudence.'' That is to say, when a case for foreclosure is of such character as requires the aid of equity, that aid may still be had in a court of equity, notwithstanding the statute mak-ing the ordinary foreclosure proceeding an action at law. In this case facts are alleged in the petition call-ing for the interposition of equity power to save lien property from destruction, by taking it out of the hands of the destroyer.

Another suggestion is that plaintiff is not en-titled to relief in equity, for the reason that he has a complete remedy at law. The ground of this assertion is that the makers of the note secured by the mortgage are not shown to be insolvent, and that it must be as-sumed they are solvent and could be compelled to pay the note. We do not see that such suggestion is rele-vant. The question here relates to the security which has been conveyed to plaintiff. If a creditor has a right to a security, he has a right to the aid of equity, if need be, to preserve that security. The solvency or insolvency of the debtor does not affect the question.

We think the case made justified the rulings and conclusion of the trial court, and hence affirm the judg-ment. All concur.