# THE STATE ex rel. DONNELL et al. v. ROBERT M. FOSTER, Judge, et al.

### In Banc, February 2, 1910.

1. **CORPORATION: Dissolution: Court of Equity.** In the absence of a statute enlarging its powers, a court of equity has no power to dissolve a corporation; and there is no such statute in this State.

2. ———: ———: **Receiver: Prohibition: Judgment Already Rendered.** The temporary control of an insolvent corporation by a court and a receiver does not operate as a dissolution and forfeiture of its franchises. And a court of equity, to which some of its stockholders make application for the appointment of a receiver, alleging that the capital stock of the company has been greatly impaired by the mismanagement of its officers, and the appropriation and misapplication of its funds, and that its reputation has been destroyed by a fraudulent scheme concocted by them and the issuance of a fraud order by the Postmaster-General denying to it the use of the mails, cannot, on finding said allegations to be true, dissolve the corporation, and order the receiver to wind up its affairs and distribute its net capital among its stockholders. And, notwithstanding the trial court has already entered a decree dissolving the corporation, this court by its writ of prohibition will prohibit the court from enforcing that part of its decree.

3. ———: ———: ———: **Personal Judgment Against Officers.** Upon an application by certain stockholders, brought against the corporation and its officers, for the appointment of a receiver and the dissolution of the company, a personal judgment against the officers for money misapplied or misappropriated by them, is illogical and unauthorized. It is illogical, because the decree being that the corporation is dissolved, there was no company to whom the money could be paid. The same decree cannot both appoint a receiver and (before he has qualified) render a personal monetary judgment against the officers

and direct them to pay the money to the receiver. The money, if paid at all, after the unauthorized decree dissolving the corporation, must be paid to either the plaintiff stockholders, who in no circumstances are entitled to it, or to the receiver, but the receiver who has not qualified by giving bond and who is not a party to the proceeding, has no authority to receive it. The court has no authority to render a personal judgment against the officers upon such application, nor to dissolve the corporation, but it can appoint a receiver, and after he has qualified he can bring suit against the officers for the money misappropriated or misapplied by them. Section 1338, Revised Statutes 1899. has no application to such a case.

## Prohibition.

PEREMPTORY WRIT GRANTED.

*George V. Reynolds* for relators.

(1) A court of equity has no inherent power to dissolve a corporation or declare a forfeiture of its charter. Decker v. Gardener, 124 N. Y. 334; In re Atlas Iron Cons. Co., 38 N. Y. 172; People ex rel. v. The Judge, 31 Mich. 356; Walters v. Trust Co., 50 Fed. 316; Taylor v. Decatur M. & L. Co., 112 Fed. 449; Trust Co. v. Storage Co., 49 N. J. Eq. 402; French v. Gifford, 30 Iowa 148; French Bank Case, 53 Cal. 550; State ex rel. v. District Court, 15 Mont. 324; Mason v. Equitable League, 77 Md. 483; Dickinson v. Bank, 95 Iowa 392; Alderson on Receivers, p. 484; Thompson on Corporations, pars. 4538-39; High on Receivers, sec. 288; Beach on Receivers, sec. 403. This proposition is founded on the principle that the government creates corporations through its legislative representatives, and it alone can in like manner destroy them. From the earliest times courts of equity have never exercised such powers without statutory authority. Therefore the court exceeded its jurisdiction in decreeing that the corporation be dissolved. (2) The court exceeded its jurisdiction in rendering a personal judgment against John W. Donnell and ordering execution to issue thereon. The most the court could have done would have

been to find that Donnell had been paid more salary than he was entitled to, and direct the receiver to sue for and recover whatever amount had been illegally paid Donnell. This would have been ihe proper way and within the court's jurisdiction. Thompson v. Greeley, 107 Mo. 577. A receiver of a corporation succeeds to the title of the property and rights of action of the corporation, and is the proper party to a suit to enforce them by legal proceedings. If a right of action against the directors existed in favor of the corporation, this action is properly prosecuted in the name of the receiver. Thompson v. Greeley, 107 Mo. 590. (3) Donnell was entitled to a trial by jury as to whether or not he should pay back to the corporation all salary paid him in excess of $200 a month. And the rendition of a personal judgment and ordering of execution to issue, was a denial of his constitutional rights and an excess of the jurisdiction of the court. (4) The proper proceeding would be by an action at law brought by the receiver against Donnell. Thompson v. Greeley, 107 Mo. 593; Hun v. Cary, 82 N. Y. 70; Mining Co. v. Ryan, 42 Minn. 108. (5) The judgment rendered against Donnell runs *ex necessitate* in favor of James A. Watkins, Oscar C. Carssow and Rudolph C. Carssow, the plaintiffs, suing as stockholders in their own behalf and in behalf of other stockholders. If an unlawful amount was paid Donnell as salary, it should be recovered at the suit of the receiver for the benefit of the corporation, its creditors and stockholders. The judgment and execution rendered by the circuit court run in favor of the plaintiffs. (6) The writ of prohibition may go whenever judicial functions are assumed not rightfully belonging to the court assuming them and the court exceeds its jurisdiction. State ex rel. v. Elkin, 130 Mo. 90; State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Rombauer, 105 Mo. 103. (7) The fact that an appeal or writ of error is available to correct a ruling

in excess of lawful power, will not preclude the use of prohibition where those remedies are not reasonably adequate and prompt. State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Elkin, 130 Mo. 90; State ex rel. v. Fort, 107 Mo. App. 328; State ex rel. v. Scarritt, 128 Mo. 338; High on Extr. Legal Rem. (3 Ed.), sec. 711A; State ex rel. v. Eby, 170 Mo. 497; Carter v. Bolster, 122 Mo. App. 144; State ex rel. v. Sale, 188 Mo. 439; State ex rel. v. Bradley, 193 Mo. 33; Railroad v. Wear, 135 Mo. 230; 16 Am. and Eng. Ency. Pl. and Pr., p. 1111.

*Judson & Green* for respondents.

(1)    The allegations of the amended petition, and the findings of the trial court as set out in respondents' return, fully authorized the appointment of a receiver for the Donnell Mfg. Co., and an order that the corporation be wound up and its assets distributed among its creditors and stockholders. Cantwell v. Columbia Lead Co., 199 Mo. 36; Ward v. Davidson, 89 Mo. 452; State ex rel. v. Scarritt, 128 Mo. 339; State ex rel. v. Bank, 197 Mo. 593; Miner v. Ice Co., 93 Mich. 97; Gluck & Becker on Receivers of Corps., sec. 9, p. 53; Smith on Receivership, sec. 225; Cameron v. Groveland Imp. Co., 20 Wash. 169; Edison v. Edison Co., 52 N. J. Eq. 620; Davis v. Waterworks Co., 107 La. Rep. 145; Sprague v. Murphy Fur. Goods Co., 26 Fed. 573.    (a).  The jurisdiction and power of the trial court in this case were not limited by the provisions of Secs. 1338, 1339 and 1340, R. S. 1899, because this is a suit in equity, and courts of equity have power and authority to regulate, superintend and control the management of private corporations beyond any mentioned or conferred in those sections of the statutes. Thompson v. Greeley, 107 Mo. 577; Cantwell v. Columbia Lead Co., 199 Mo. 43; Lamont v. Egg Co., 109 Mo. App. 53; Ford v. Railroad, 52 Mo. App. 488; State ex rel. v. Scarritt, 128 Mo. 339.   (b). The powers conferred by the statutes upon courts of equity in reference to the regula-

tion of private corporations are merely cumulative, or declaratory of the common law. Cantwell v. Columbia Lead Co., 199 Mo. 43; Lamont v. Egg Co., 109 Mo. App. 53; Thompson v. Greeley, 107 Mo. 588; Woodward v. Woodward, 148 Mo. 241; Cox v. Volkert, 86 Mo. 505. (2) The trial court did not exceed its jurisdiction in rendering a personal judgment against Donnell, president of the Donnell Mfg. Co., for the moneys unlawfully abstracted by him from the corporation, which were taken while he was acting as president, in the form of unauthorized and excessive salary and of illegal interest. Having rightfully acquired jurisdiction of this cause, as an equity case, it was the duty of the chancellor to determine all the issues made by the pleadings, and, the amount being readily and clearly ascertained by the evidence submitted, to render a personal judgment against Donnell for all sums unlawfully taken from the corporation by him while acting as its president. Real Estate Sav. Co. v. Collonius, 63 Mo. 290; Ward v. Davidson, 89 Mo. 452; Lamont v. Egg Co., 109 Mo. App. 55; Harrison v. Craven, 188 Mo. 611; Jordan v. Harrison, 46 Mo. App. 172. (a). This case does not come within the provisions of our statutes providing for jury trials in suits for the recovery of specific personal property or money only. Ely v. Coontz, 167 Mo. 371; Gay v. Ihim, 69 Mo. 584. (b). Interest was properly allowed. Wayne Pike Co. v. Hammons, 129 Ind. 368. (c). So far as a recovery against Donnell was sought, this was a suit against a trustee of the corporation for an accounting, which is always a cause of equitable cognizance. (3) As the allegations of the amended petition authorized every act and order of the trial court in this case, this application for a writ of prohibition should be denied. It is not the office of a writ of prohibition to enable an appellate court to review the evidence or to correct errors committed by the trial court, while acting within the limits of its jurisdiction. It is elementary that

this writ is not allowed to assert the functions of an appeal, writ of error or *certiorari*. State ex rel. v. Lewis, 76 Mo. 376; State ex rel. v. Thayer, 80 Mo. 436. (4) This application must be refused for still another reason: It was untimely. It plainly appeared from the amended petition that plaintiffs were seeking to have a receiver appointed for the Donnell Mfg. Co., to wind up its affairs, and also to obtain a personal judgment against Donnell for the unauthorized salary and interest paid to himself, and yet the relators here joined issue upon the facts therein alleged as the basis for this relief, without challenging the jurisdiction of the court to grant it, either by demurrer, by motion to strike out or by answer. This application was not made until after the rendition and entry of the final decree, the overruling of the motions for new trial, and in arrest, and to vacate the order appointing a receiver, and until after the said receiver had filed his bond and qualified as such, and had taken possession of the property. Therefore, even if it were otherwise meritorious, which it is not, it was presented too late. Davidson v. Hugh, 165 Mo. 575; State ex rel. v. Burckhart, 86 Mo. 539.

FOX, J.—This is an original proceeding by which it is sought to have this court issue its writ of prohibition against the judge of the circuit court of the city of St. Louis, Division No. 3, James A. Watkins, Rudolph C. Carssow, Oscar C. Carssow and John H. Holliday, prohibiting said court, as well as the other defendants, from enforcing certain judgments and decrees entered by said circuit court.

This application for a writ of prohibition is the outgrowth of a suit filed by one James A. Watkins, Rudolph C. Carssow and Oscar C. Carssow, in behalf of themselves and other stockholders of the Donnell Manufacturing Company, against John W. Donnell, Fannie M. Donnell, Thomas Maher and the Donnell Manu-

facturing Company, in which the plaintiffs alleged among other things that the defendant John W. Donnell was the owner of 364 shares of the capital stock of the Donnell Manufacturing Company, Fannie M. Donnell the owner of four shares, Thomas Maher the owner of one share. That the plaintiff, James A. Watkins, was the owner of 107 shares, Rudolph C. Carssow was the owner of 72 shares and Oscar C. Carssow the owner of 10 shares. That for several years last past the company had carried on its business at a large and increasing annual loss. That the capital stock had become largely impaired and that the corporation was insolvent. That the reputation, credit and good will of the Donnell Manufacturing Company had been destroyed and its assets had been wasted until it had become insolvent by the incompetent, dishonest and fraudulent mismanagement of its business by said John W. Donnell and his codirectors.

We do not deem it essential to burden the statement of this case with a reproduction in full of the petition in the original suit of James A. Watkins et al. v. John W. Donnell et al., but it will suffice to briefly make reference to the features of such petition which are applicable to the questions involved in the present proceeding by which a writ of prohibition is sought.

Said petition avers that John W. Donnell, in the latter part of 1906 and the first part of 1907, devised and put into execution a certain plan or scheme by which a large number of individuals were induced, through means of certain printed forms and circular letters, to enter into a form of contract with the said Donnell Manufacturing Company under which they did each deposit with said company one thousand to two thousand dollars in cash, and they were thereupon furnished certain goods for sale which had been manufactured or purchased by the said Donnell Manufacturing Company. Plaintiffs do not know the exact sum

of money so received by the said Donnell Manufacturing Company under these contracts, but allege that it exceeded the sum of one hundred thousand dollars.

It is next alleged that some of the parties from whom the Donnell Manufacturing Company had received money under the scheme as indicated, complained to the Postmaster-General of the United States, and upon a hearing of said complaints an order was made by the Postmaster-General denying to said defendant the right thereafter to use the mails. It is then alleged that by reason of the operation of the scheme and plan devised by said John W. Donnell and his co-directors, to which reference has been made, a large number of suits have been filed against the Donnell Manufacturing Company by parties who had made cash deposits in pursuance of the plan and scheme heretofore mentioned, for the purpose of recovering said deposits and damages for alleged frauds practiced upon them in procuring same. It is then alleged that the Donnell Manufacturing Company has sustained and will hereafter sustain great loss, expense and damage through said litigation, even if all said suits should be decided in favor of the Donnell Manufacturing Company.

It is also alleged that ever since the fraud order issued by the Postmaster-General, referred to, was issued against the Donnell Manufacturing Company denying to said company the right to use the United States mails for the transaction of its business, defendant John W. Donnell, unmindful of his duties as a director and a trustee of the Donnell Manufacturing Company, has been carrying on, and attempts to carry on, the business heretofore conducted by the said Donnell Manufacturing Company in his own individual name, in the name of the "Donnell Specialty Company" and of the "Donnell Supply Company," and in other names, and has been thereby trying to induce the customers and patrons, who formerly did business

with the Donnell Manufacturing Company, to transfer and hereafter carry on such business with John W. Donnell as an individual or with copartnerships or companies organized by him with the intent and purpose thereby to transfer and take over the good will and other assets of the corporation to himself or to companies or partnerships controlled by him, to the loss and damage of the corporation and its stockholders.

There were other allegations in said petition as follows:

"(3). Plaintiffs further aver that said John W. Donnell has been guilty of reckless, fraudulent and extravagant mismanagement in his conduct of the business of said company in that he has paid an agent, named Scritzmeier, whom he employed to devise and operate the aforesaid scheme of contracts heretofore referred to, the sum of four hundred dollars out of every one thousand dollars deposited with it or paid to the Donnell Manufacturing Company under said scheme, and the aggregate of the sums so paid to said agent is more than forty thousand dollars. Plaintiffs further say that the services rendered by said agent Scritzmeier in procuring said contracts did not extend over or cover a period of more than four months, and the said services are well known by the said John W. Donnell not to be worth more than one hundred or two hundred dollars per month at the time he paid the said sum of forty thousand dollars therefor. Plaintiffs further aver that said John W. Donnell also employed other agents to assist the said Scritzmeier in operating said scheme and in inducing the people to make such contracts and such deposits, paying them the sum of $6,250 for a few months' services, although said John W. Donnell, at the time he made such payments, well knew that the services so rendered were not worth the sum of $6,250 and knew that they were not in any event worth more than the sum of one

hundred dollars per month for each of the agents so employed during the time they were actually engaged in working for said corporation, or a total sum of $600.

"(4). Plaintiffs further aver that said John W. Donnell, by and through his domination and control of the officers of the defendant corporation, has paid to himself, as a pretended salary for his services as the president and general manager thereof, the sum of sixty-nine thousand dollars in excess of the amount of salary which he was lawfully authorized to draw from or be paid by said corporation.

"(5). Plaintiffs further aver that as soon as the deposits above referred to, amounting to more than one hundred thousand dollars had been made with the defendant corporation by the parties induced to sign said contracts, the defendant, John W. Donnell, paid to himself the sum of $20,050 out of the money so received as a pretended payment of an indebtedness from said corporation to himself; which pretended indebtedness appears on the books of said Donnell Manufacturing Company, but plaintiffs charge and aver upon information and belief that the said pretended indebtedness was wholly fictitious and false, and that said John W. Donnell had no right to make such payment to himself out of said funds, or any other funds or moneys belonging to the Donnell Manufacturing Company.

"(6). Plaintiffs further aver that at the last annual stockholders' meeting of said corporation, which has ever been called by its officers, and which was held in March, 1907, James A. Watkins appeared and protested against the adoption of the aforesaid scheme of making contracts and asking for one thousand dollar and two thousand dollar deposits, which said plan and scheme was then being devised by said John W. Donnell; and plaintiffs aver that said protest of James A. Watkins was not heeded by the said Donnell and the

other directors of the said corporation.  Plaintiffs further aver that neither James A. Watkins nor any other of the minority stockholders of said corporation had then, or had for a long time prior thereto been given any information about the business or condition of said company, and had been denied any voice in the management of its business.

"(7). Plaintiffs further aver that said John W. Donnell has caused to be made upon the books of the Donnell Manufacturing Company, certain entries and items indicating that said corporation is still indebted to him in a large amount, but plaintiffs aver, upon information and belief, that said pretended indebtedness is wholly fictitious and that said corporation is not indebted to said John W. Donnell in any sum or amount whatsoever, but that on the contrary he is largely indebted to said corporation.

"(8). Plaintiffs further aver that by reason of said misconduct and mismanagement of the business and affairs of said company, its credit has been destroyed and its business has been irreparably injured, and its reputation for honesty and fair dealing has been wholly lost, and that it will be impossible hereafter to carry on its business with profit or success with or without the use of the mails; that the capital stock of said company has become largely impaired, even if said company is not now insolvent, and that for the past year, and several years prior thereto, its business has been conducted at a large annual loss, and that unless a receiver is appointed to take charge of the business and affairs of said corporation to wind up its affairs and distribute its assets among the creditors and stockholders, its remaining assets will be dissipated, diverted, wasted by said John W. Donnell and his codirectors, and the stock of plaintiffs and other stockholders in said corporation will be rendered worthless.

"Wherefore, the premises considered, plaintiffs

pray the court to appoint a receiver for the purpose of taking charge of all the assets and business of the said Donnell Manufacturing Company and of liquidating the same; and they pray that the said John W. Donnell and his codirectors be enjoined from interfering with the management of said business by said receiver, and that the court, by its decree, declare said John W. Donnell and his codirectors, and each of them, ineligible, by reason of their conduct aforesaid, to hereafter hold the office of director in said corporation; and that said receiver, after paying the debts and obligations of said corporation, be directed to divide the amount thereafter remaining among its stockholders pro rata, and that the defendant corporation be dissolved and its existence as a corporate organization terminated; or, if this relief cannot be granted, then that the stockholders be directed to hold an election for new directors of said corporation who shall be other than the defendant, John W. Donnell, and his codirectors herein named; that defendant, John W. Donnell, be adjudged and required to repay the said corporation the said respective sums hereinbefore alleged to have been unlawfully paid out to himself and other parties and agents of said corporation, and that judgment be entered against him therefor, and for such other and further relief as the circumstances may warrant.''

The answer of the defendants in that case was a specific denial of each of the charges made in the petition; further alleging that the fraud order had been revoked and that the company had been restored to the use of the United States mails.

This suit was tried before Hon. Robert M. Foster, judge of the circuit court, Division No. 3, in the city of St. Louis, and on the 24th day of December, 1908, the court entered its decree as follows:

''Now, this 24th day of December, 1908, this cause having come on to be heard upon the petition, answer,

and reply, and the proofs and exhibits taken and submitted herein, and having been argued and submitted by counsel for the respective parties, and the court having duly considered the same, doth find the issues herein joined in favor of plaintiffs; and the court doth further find that all salary paid to defendants, John W. Donnell, as president of the Donnell Manufacturing Company, in excess of the sum of two hundred dollars per month, has been paid without authority and should be returned by said John W. Donnell to the corporation, together with interest thereon from the date of the respective payments to the present time at six per cent per annum; and the court doth further find that the amount of such unauthorized or excessive salary payments is forty thousand, four hundred dollars, and that the interest on said respective payments from the date of payment to the present time is twenty-three thousand five hundred six dollars, making a total amount to be returned by said John W. Donnell on account of said unauthorized salary and the interest thereon, of sixty-three thousand, nine hundred and six dollars, less, however, the sum of twenty-one hundred dollars and interest amounting to two hundred and fifty-two, or less a total credit of twenty-three hundred and fifty-two dollars, which was voluntarily credited to the corporation by John W. Donnell on December 31st, 1906; making the actual balance to be returned on account of unauthorized salary sixty-one thousand, six hundred and fifty-four dollars.

"The court doth further find that there is due from defendant, John W. Donnell, to the Donnell Manufacturing Company the sum of fourteen hundred and forty-seven dollars and twenty-eight cents on account of interest unlawfully accredited to himself on the books of said company.

"And the court doth thereupon order, adjudge and decree that the defendant corporation, the Donnell Manufacturing Company, be dissolved and its af-

fairs wound up; that a receiver be appointed to take charge of all the assets and business of the said company in liquidation; that the defendants, John W. Donnell, Fannie M. Donnell and Thomas Maher, and each of them, be, and they are hereby enjoined from interfering in any manner with the management of the business of the Donnell Manufacturing Company by the said receiver hereinafter named; that the said receiver is hereby authorized and directed to receive and collect all outstanding accounts and bills receivable of the Donnell Manufacturing Company, and sell or otherwise dispose of as advantageously and expeditiously as possible all other assets of the Donnell Manufacturing Company, and to pay off and liquidate all claims, judgments and demands due and owing by said corporation; and thereupon to distribute any balance of assets remaining in his hands among the stockholders of said company *pro rata.*

"The court doth further order that John H. Holliday, Esq., be, and he is hereby appointed receiver for the Donnell Manufacturing Company, and his bond is fixed at the sum of forty thousand dollars.

"The court doth further order, adjudge and decree that the said receiver make report to this court from time to time of his proceeding as such receiver, and leave is hereby granted to such receiver to apply to this court from time to time for such further orders and decrees as may be necessary and proper in the premises; and the privilege is hereby reserved to said receiver to apply to this court from time to time for authority to bring suits as such receiver against any person or persons whether they be defendants in this case or not, for any sums of money which he may ascertain to have been unlawfully taken from the Donnell Manufacturing Company prior to his appointment as such receiver.

"And the court doth further order, adjudge and decree that defendant, John W. Donnell, pay over to

said receiver of the Donnell Manufacturing Company the sum of sixty-three thousand one hundred one dollars and twenty-eight cents for salary and interest paid to himself without authority while he was acting as president of the Donnell Manufacturing Company, and that execution issue therefor; and that defendants, John W. Donnell, Fannie M. Donnell and Thomas Maher, pay the costs of this suit, and that execution issue therefor.''

On December 24th plaintiffs filed their motion for a new trial, and on December 24th John H. Holliday, Esq., was appointed receiver, and his bond fixed at $40,000. On December. 28th, a supplemental motion for new trial was filed by defendants. On December 28th a motion for leave to amend defendant's answer was filed. On December 28th the motion of John W. Donnell in arrest of judgment was filed, and on the same day the motion of the other defendants in arrest of judgment was filed. On December 29th defendants' supplemental motion for a new trial was overruled, and the supplemental motion for a new trial of defendant John W. Donnell was overruled. Defendants' motion for a new trial was overruled. The motion in arrest of judgment of John W. Donnell was overruled. The motion of defendants in arrest of judgment was also overruled. The motion to vacate and set aside the appointment of receiver was filed and overruled.

On December 30th defendants' motion to have final decree bear date as of date actually settled and rendered, was filed. On December 31st, the motion of defendants to have the final decree in the records as of date actually settled and rendered was overruled. On December 31st the receiver, John H. Holliday, filed his bond, which was approved.

On December 29, 1908, and before the receiver appointed by the circuit court had filed his bond, and before the same had been approved by the court, the

application of the relators for a writ of prohibition against the respondents was presented to Honorable JAMES B. GANTT, one of the judges of this court, in chambers. The application for prohibition, presented as heretofore stated, represented that on the 28th of October, 1907, the said James A. Watkins had instituted in the circuit court of the city of St. Louis, Missouri, a suit against John W. Donnell, Fannie M. Donnell, Thomas Maher and the Donnell Manufacturing Company, a corporation, and on the 5th day of June, 1908, said James A. Watkins had been joined in said suit by Oscar C. Carssow, Rudolph C. Carssow in behalf of themselves and other stockholders of the Donnell Manufacturing Company, and an amended petition in said suit in the circuit court was filed containing the allegations hereinbefore set out. In said application for a writ of prohibition all of the proceedings had before the said Robert M. Foster, as judge of the circuit court, Division No. 3, were set out.

The application then represented that in and by the judgment and decree entered by Robert M. Foster as judge of Division No. 3, of said circuit court, the said circuit court, through the aforesaid judge, had exceeded its jurisdiction and authority in that said decree ordered that the corporation be dissolved and that a receiver be appointed to take charge of the assets and business of the Donnell Manufacturing Company in liquidation, and that John W. Donnell and his codirectors be enjoined from interfering with the management of the said business of the Donnell Manufacturing Company by said receiver and that all salaries paid to said John W. Donnell as president of the Donnell Manufacturing Company in excess of the sum of $200 per month and amounting to the sum of $40,400, had been paid said John W. Donnell without authority and should be returned by him to the corporation, together with interest thereon amounting to the sum of $23,506, making a total to be returned

by said John W. Donnell on salary account of $63,907, less $2,100 and interest thereon, amounting to $252, being a total of $2,352, amount of voluntary credit to the corporation, and that said John W. Donnell was indebted to the corporation in the sum of $1,447.28 on account of interest credited to himself on the books of the company in advances made by him to the company; and, Second: That in and by said decree it is further ordered, adjudged and decreed that the said defendant John W. Donnell pay over to the said receiver named in said order, to-wit, one John H. Holliday, Esq., the sum of $63,101.28 for salary and interest paid to said John W. Donnell without authority while he, the said John W. Donnell, was acting as president of the Donnell Manufacturing Company, and that execution issue therefor, and that relators pay the costs of said suit, and that execution issue therefor.

The application further set out that the action of the court as aforesaid was beyond the power and jurisdiction of said court, and under the Constitution and laws it was made the care of this court, that said circuit court, as well as all other inferior courts, keep within the bounds and limits of the several jurisdictions prescribed to them by the laws of the State, and that this matter could not be remedied by appeal or writ of error, and that without interposition and aid of this Honorable Court great and irreparable loss, damage and injury would be inflicted on relators and that they had no other adequate remedy save by the writ of prohibition.

The application then set out that the receiver was about to take charge of the affairs, assets and other property of the Donnell Manufacturing Company; that the circuit court had ordered execution to issue against the relator, John W. Donnell, in the sum of $63,101.28, and that if said execution was issued and levy made thereunder it would cause irreparable loss, injury and damage to the relator, John W. Don-

nell, which, under the judgment and decree of the aforesaid circuit court, he was remediless to prevent.

The application then prayed for the aid of this Honorable Court to be relieved and that they might have the State's writ of prohibition directed to said Robert M. Foster as judge of said court, and to the said James A. Watkins, Rudolph C. Carssow, Oscar C. Carssow and John H. Holliday, as receiver, to prohibit them and each of them from taking any steps in or touching or concerning the premises under or by virtue of said decree.

On the 31st day of December, 1908, the preliminary rule in prohibition was issued, commanding the respondents to appear before the Supreme Court on January 5, 1909, to show cause, if any they might have, why the writ of prohibition should not issue as prayed in said petition, and that they take no further action in said cause until the further order of this court.

The return to the preliminary order to show cause, made herein by Judge GANTT, was duly filed. In said return the respondents admitted the allegations of the petition for the writ of prohibition as to the proceedings in said suit of James A. Watkins et al. v. John W. Donnell et al., stating that the trial occupied the time of the court for six days and at the close of plaintiffs' case defendants had moved the dismissal of plaintiff's petition, and at the close of all the evidence in the case, the court heard arguments of counsel for the respective parties and that the cause was taken under advisement by the court until the 24th day of December, 1908, when Judge Foster found the issues joined in said cause in favor of the plaintiffs, setting up the memorandum of the court's decision, which is hereinbefore set out in this statement.

The return also set out the oral opinion of the court and then alleged that Judge Foster had found upon the evidence submitted to him at the time of the trial of the cause of Watkins et al. v. Donnell Manu-

facturing Company et al., that the Donnell Manufacturing Company was insolvent, that the agency plan referred to in plaintiffs' petition was a scheme to defraud the so-called agents, that $106,000 had been obtained by means of this plan; that the officers of the Donnell Manufacturing Company had been guilty of misconduct in paying excessive and unauthorized salaries and unlawful interest, and that the credit and reputation of the Donnell Manufacturing Company had been impaired and destroyed by the operation of said fraudulent agency plan, by the issue of the fraud order against the Donnell Manufacturing Company by the Postmaster-General of the United States, and by the newspaper notices of the issue of said fraud order, and of the filing of suits by the agents of the company for the cancellation of their contracts on the ground of fraud and that by reason of the insolvent condition of the Donnell Manufacturing Company and the ruination of its credit and reputation, it would be impossible to further conduct its business at a profit or at all.

The return admits that on the 28th day of December, they submitted the draft of the final decree to Judge Foster, and that it was approved and ordered entered as of the 24th of December.

The return then alleges that on the 31st day of December, 1908, at ten o'clock of said day and prior to the time the order to show cause was issued to respondents by his Honor, Judge GANTT, the receiver had filed his bond and that the same was approved by Judge Foster and that he had taken possession of the property and assets of the Donnell Manufacturing Company as receiver prior to the time the petition for prohibition was presented to this court, or to any judge thereof.

The respondents' return then sets up that Judge Foster's term expired on the 4th day of January, 1909, and that he is not now a judge of the circuit court.

The return then alleges that the relators did not

apply to this court until the cause of Watkins et al. v. Donnell et al. had been fully tried, heard and decided upon its merits, and until the motion for new trial and in arrest of judgment and a motion to vacate and set aside the appointment of a receiver had been duly filed, argued and overruled, and until after the receiver had been appointed, qualified and taken possession of the property of the Donnell Manufacturing Company.

The return then denies that the jurisdictional power and authority of Judge Foster was limited by the provisions of sections 1338, 1339 and 1340, but say that the cause is a proceeding in equity and that said sections of the statutes were not intended to and do not have the effect of limiting in any way the power and authority of courts of equity in suits by minority stockholders against the corporation and directors for fraudulent mismanagement of its officers.

The return then denies that Judge Foster exceeded his jurisdiction and authority, as alleged in the application for the writ of prohibition.

The return alleges that if any error was committed against relators in the trial of the cause before Judge Foster, they have an adequate remedy by appeal in the ordinary course of justice.

A denial of the new matter set up in the return of the respondents was duly filed by the relators.

An application to substitute the Honorable George H. Williams, as party defendant and to substitute him as judge in place of Robert M. Foster, whose term of office had expired on January 4, 1909, as judge of Division No. 3, was duly filed, and the application granted.

This suffciently indicates the record in this cause to enable us to determine the legal propositions arising from such record. All that is left to be done, is to give expression to our conclusions upon the questions presented by the disclosures of the record.

## OPINION.

The record in this cause discloses only two propositions for our consideration.

First: The power of the circuit court in the case of Watkins et al. v. Donnell Manufacturing Company et al. to decree a dissolution of the Donnell Manufacturing Company, a corporation, is challenged by the relators.

Second: The power of the court in that case to render a personal judgment against John W. Donnell for a certain designated sum of money, is also challenged.

In other words, on the one side the relators insist that the circuit court in entering the decree dissolving the Donnell Manufacturing Company, a corporation, and further rendering a personal judgment against one of the stockholders and officers of such corporation for a certain sum of money, exceeded its power, and that the decree in respect to those subjects was in excess of the jurisdiction of such court. On the other hand, the respondents insist that the circuit court in the trial of the issues presented in that case, was vested with full power to enter the decree respecting the subjects as heretofore indicated, and that in entering such decree it did not in any way exceed the jurisdiction vested in that court.

This briefly indicates the nature and character of the propositions with which we are confronted. Their solution must be sought by a fair and reasonable application of the rules of law applicable to those subjects.

## I.

Directing our attention to the first inquiry, that is, did the chancellor in the case of Watkins et al. v. Donnell Manufacturing Company et al. have the power to enter the decree as indicated, dissolving the Don-

nell Manufacturing Company, a corporation; or, to put the inquiry in another form, by such decree upon that subject did the chancellor exceed his power in making the decree as herein pointed out?

The most satisfactory answer to that inquiry can be furnished by pointing to the rules announced upon that subject by the text-writers, as well as the adjudicated cases treating of that question.

In the Cyclopedia of Law and Procedure, vol. 10, p. 1305, the rule applicable to this subject is thus stated in the text: "In the absence of enabling statutes, courts of chancery have no jurisdiction to decree the dissolution of a corporation; nor as a general rule can such a court, during the life of the corporation, wind up its business and sequestrate its property and effects, on the application of a shareholder as such; but when a corporation dies by reason of the expiration of its charter, or becomes substantially dead by reason of the non-user of its franchises, a court of equity has jurisdiction, under principles already elaborated, to lay hold of its assets by its receiver and distribute them among its creditors."

A similar rule is announced by the eminent text-writer, Mr. High, on Receivers, sec. 288, p. 249, wherein he states that "the general jurisdiction of equity over corporate bodies does not extend to the power of dissolving the corporation, or of winding up its affairs and sequestrating the corporate property and effects, in the absence of express statutory authority."

Mr. Thompson, in his Commentaries on the Law of Corporations, vol. 4, in treating of this subject, is in harmony with the rule as announced by Mr. High. He says, in section 4538, that "in the absence of statutes enlarging its powers, the general rule is that a court possessed of chancery powers merely, has no jurisdiction, either at the suit of the State through its Attorney-General, or at the suit of a stockholder or other private person, to dissolve a corporation and

decree its winding up, for the misuser or non-user of its franchise, or for other cause; but that the only proceeding which can be taken to that end is a proceeding by the State, on information in the nature of a *quo warranto,* in a court of common-law jurisdiction. The theoretical reason is that the franchises are granted by the State, and that they can only be vacated or forfeited in a proceeding by the State, which generally takes the form of a proceeding at law by information in the nature of a *quo warranto.*"

In Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197, in treating of this question, the rule was again announced that "in the absence of statutory authority, courts of chancery had no jurisdiction to decree a dissolution of a corporation by declaring a forfeiture of its franchise, either at the suit of an individual or of the State. [Verplanck v. Merchants' Ins. Co., 1 Edw. Ch. 84; Doyle v. Peerless Petroleum Co., 44 Barb. 239; Folger v. Columbia Ins. Co., 99 Mass. 274; Attorney-General v. Bank of Niagara, 1 Hopk. 354; Denike v. Cement Co., 80 N. Y. 605.] The mode of enforcing a forfeiture of the charter at common law was by *scire facias* or *quo warranto* in courts of law only, and at the suit, only, of the sovereign." It will be observed in that case that the court pointed out that there was a statute in that State conferring upon courts of equity full power, on good cause shown, to dissolve or close up the business of any corporation, and to appoint a receiver to take charge of the assets.

Similar statutes have been enacted in other States, but, so far as this State is concerned, we know of no statute which undertakes to authorize a court of equity to dissolve a corporation; hence, in the absence of such a statute the rule as herein indicated as to the powers of a court of equity, would be applicable.

In Life Indemnity Assn. v. Hunt, 127 Ill. 257, it was again ruled that in the absence of statutory pro-

visions courts of equity have no jurisdiction to decree the dissolution of a corporation by forfeiture of its franchises, either at the suit of an individual, or at the suit of the State; citing in support of such rule Attorney-General v. Utica Ins. Co., 2 Johns. Ch. 370; Slee v. Bloom, 5 id. 366; State v. Merchants Ins. Co., 8 Humph. 234; Attorney-General v. Bank of Niagara, 1 Hopkins' Ch. 334; Doremus v. Dutch Reformed Church, 3 N. J. Eq. 332; Doyle v. Peerless Petroleum Co., 1 Edw. Ch. 83; Strong v. McCagg, 55 Wis. 624; 2 Morawetz on Corporations, sec. 1040. It was also pointed out in that case that in all cases holding that courts of equity have no power in the absence of a statute to decree a dissolution of a corporation, it is uniformly admitted, whenever the question has arisen, that jurisdiction to decree the dissolution of a corporation may be conferred upon courts of equity by statute.

In Neall v. Hill, 16 Cal. 145, treating of this proposition, the law applicable to this subject was stated in this language: "It is well settled that a court of equity, as such, has no jurisdiction over corporate bodies for the purpose of . . . winding up their concerns. We do not find that any such power has ever been exercised, in the absence of a statute conferring the jurisdiction."

In the French Bank case, 53 Cal. l. c. 551, it was said: "Of course, it is not to be doubted that the trustees of a corporation, the persons who constitute its directors, and from time to time exercise the corporate authority in the management of its affairs, are subject to the control of courts of equity, or, as observed by Chancellor Kent, 'that the persons who from time to time exercise the corporate powers, may, in their character of trustees, be accountable to this court (the court of chancery) for a fraudulent breach of trust; and,' he adds, 'to this plain and ordinary head of equity the jurisdiction of this court over corporations ought to be confined.' [Attorney-General v. Utica

Ins. Co., 2 Johns. Ch. 388.] And in the exercise of these admitted equity powers of the court, referable to the well-known grounds upon which its jurisdiction ordinarily proceeds, embracing the cognizance of fraud, accident, trust, and the like, the rights of natural persons injured or put at hazard through corporate proceedings unauthorized by law, will find ample protection and redress.''

In Denike v. Cement Lime Co., 80 N. Y. 599, the plaintiffs who were stockholders in such Lime Company, sought a dissolution of the corporation and the appointment of a receiver to take charge of its assets. EARL, J., speaking for the Court of Appeals of New York, in treating of the proposition as to whether the plaintiffs, as stockholders in that case, could maintain the action for the dissolution of the corporation and the appointment of a receiver, announced the conclusions of that court in this language: ''A corporation owes its life to the sovereign power, and under what circumstances it shall forfeit or be deprived of that life, depends upon the same power. A corporation may be dissolved by forfeiture through abuse or neglect of its franchises; but such forfeiture, unless there be special provisions by statute, can only be enforced by the sovereign in some proceeding instituted in its behalf. Here there is no allegation in the complaint that this corporation had forfeited its charter, or that it had in any way become dissolved; but a portion of the relief prayed is that it be dissolved. All the stockholders uniting might undoubtedly surrender the franchise of a corporation and work its dissolution. But can a portion of them do this, in the absence of statutory authority? There is no statute in this State which authorizes a portion of the stockholders to maintain an action to dissolve a manufacturing corporation, and I know of no decision holding that they can. The statutes (2 R. S., 467) provide for the voluntary dissolution of corporations, but that must be upon applica-

tion to a proper court 'of the directors, trustees or other officers having the management of the concerns' of the corporation, but not upon the application of a portion of the stockholders.'' In further discussing the question in that case, the learned judge remarked: ''There is abundance of authority for holding that there is no general power in a court of equity for sustaining such an action as this prosecuted by a portion of the stockholders,'' citing Verplanck v. Mercantile Ins. Co., 1. Edw. Ch. 84; Galwey v. Sugar Refining Co., 13 Abb. Pr. 211, S. C. 36 Barb. 256; Ramsey v. Erie Railway Co., 7 Abb. Pr. (N. S.) 156, 181; Howe v. Deuel, 43 Barb. 505; Latimer v. Eddy, 46 Id. 61; Belmont v. Erie Railway Co., 52 Id. 637, 665; Gilman v. Green Point Sugar Co., 4 Lans. 483; Wilmersdoerffer v. Lake Mahopac Imp. Co., 18 Hun 387.

In Thompson v. Greeley, 107 Mo. 577, while the proposition of the power of a court of equity to dissolve a corporation was not in judgment before the court, yet in treating of the question of the appointment of receivers and their duties, it is clear that the court fully recognized the general rule, as heretofore pointed out, applicable to that subject, and in meeting the contention in that case that there was no authority to appoint a receiver to wind up the affairs of a corporation, it was pointed out that ''the temporary control of an insolvent corporation by a court and a receiver does not operate as a dissolution and forfeiture of its franchises. After the debts have been paid, and the necessary capital restored, this corporation could resume business under its original charter.''

In Decker v. Gardner, 124 N. Y. 334, in discussing this subject it was again pointed out that ''the power to declare a forfeiture of corporate franchises was originally in England vested in the courts of law, and was exercised in a proceeding brought by the Attorney-General in the name of the sovereign. The court of chancery never assumed jurisdiction in such cases un-

til it was conferred by act of Parliament. It declined until the power was conferred by statute to . . . . dissolve corporate bodies." And it was also said in that case, referring to the judicial history of the courts of this country, that "the courts of this country followed the English system," citing numerous cases in support of such statement. Following this it was indicated by that case that the jurisdiction in courts of equity to dissolve corporations is now a subject of statutory regulation in a number of the states.

With the exception of Miner v. Ice Co., 93 Mich. 97, the rule as announced by the text-writers and the adjudications of the appellate courts of the various states, has been strictly adhered to. The Michigan case, upon the facts disclosed by the record, held that the relief prayed for should be granted even though the decree had to go to the extent of dissolving the corporation; however, it was with commendable frankness conceded that "the general rule undoubtedly is that courts of equity have no power to wind up a corporation, in the absence of statutory authority."

Learned counsel for respondents upon this question direct our attention to the cases of Cantwell v. Columbia Lead Co., 199 Mo. l. c. 36-43; State ex rel. v. Scarritt, 128 Mo. l. c. 339; State ex rel. v. Bank, 197 Mo. l. c. 593. We have given those cases a very careful examination, and with the highest respect for the views entertained by learned counsel we are unable to assent to the insistence that those cases furnish any support to the contention that a court of equity has any power to dissolve a corporation.

In Cantwell v. Columbia Lead Co., while it is true the petition for the appointment of a receiver did pray for the dissolution of the corporation, it will be observed that case reached this court by appeal from an order refusing to revoke the appointment of a receiver and no conclusion was announced in the case, except that the court had jurisdiction to appoint a receiver. The

proposition of the power of a court of equity to dissolve a corporation was not in judgment before the trial court in the Cantwell case.

In State ex rel. v. Scarritt the proposition now under consideration was not only not involved, but was not discussed. That proceeding sought a writ of prohibition, and in treating of it this court announced the rules of law applicable to the issuance of writs of that character—on the one hand if the trial court had no jurisdiction or was about to do acts in excess of its power and jurisdiction, that the writ would go. On the other hand, if the court had jurisdiction of the subject-matter, then it was not a question of whether or not the petition in the proceeding to which the writ of prohibition was to apply stated a good cause of action; as to that question the court had a right to consider and rule upon the petition. In other words, it was ruled in that case that where jurisdiction over the parties and the subject of the cause is acquired, any error of the trial court in ruling on the sufficiency of the pleading forming the basis of the suit cannot be corrected by resort to a writ of prohibition. It was held in that case, and rightfully so, that the court had full power to do the act which it was invoked to do, namely, appoint a receiver of the assets of the corporation, and to determine in the first place whether the facts warranted that action of the court. Manifestly, that case has no application to the proposition now under consideration as to the power of a court of equity, in the absence of any statute conferring such power, to dissolve a corporation.

State ex rel. v. Bank, supra, to which our attention has been directed, does not in any way undertake to determine the question we are now considering. It does discuss the question of receivership, and concedes the holding that a receivership does not dissolve a corporation; then proceeds to point out the usual result flowing from the appointment of a receiver,

as a reason why there should be extreme caution in the first instance of appointing even a receiver. It is clear that the case falls far short of furnishing any support to the insistence that a court of equity has power, in the absence of statutory authority, to dissolve a corporation.

We see no necessity for further discussing this proposition. If the rule announced by the eminent text-writers, to which we have made reference, and the uniform holdings of practically all the courts that have treated of the subject, that the rule as announced by the text-writers is sound and should be adhered to, are to be longer followed, then we see no escape from the conclusion that the chancellor in the case of Watkins et al. v. Donnell Manufacturing Company et al., exceeded his power in rendering a decree dissolving the Donnell Manufacturing Company, a corporation, and this court upon the application presented, notwithstanding the decree has been entered, may prohibit the further exercise of any unauthorized jurisdiction in attempting to enforce such decree.

## II.

This brings us to the consideration of the second proposition, which involves the question of the power of the court in the proceeding of Watkins et al. v. Donnell Manufacturing Company et al. to render judgment for a certain designated sum of money against John W. Donnell, one of the officers and stockholders of the Donnell Manufacturing Company.

It will be observed that the proceedings of Watkins et al. v. Donnell Manufacturing Company et al., in which this money judgment was rendered, were not predicated upon the provisions of section 1338, Revised Statutes 1899, which provides that "the circuit court shall have jurisdiction over the directors, managers, trustees and other officers of corporations now existing or hereafter organized . . . . and to order, decree and

compel payment by them to the corporation which they represent . . . of all sums of money and of the value of all property which they may have acquired to themselves, or transferred to others, or may have lost or wasted by any violation of their duties or abuse of their powers as such directors, managers, trustees or other officers of such corporation,'' but the proceeding in the original case, to which reference has heretofore been made, was one in which a bill in equity was filed by which it was sought to dissolve the corporation known as the Donnell Manufacturing Company, and have a receiver appointed to take charge of the assets of such corporation in liquidation, and also to enjoin the individual defendants, John W. Donnell, Fannie M. Donnell and Thomas Maher, from interfering in any manner with the management of the business of the Donnell Manufacturing Company by such receiver, together with other orders respecting the ineligibility of the individual defendants to hold the office of directors in such corporation. Allegations are embraced in this bill pointing out the mismanagement of the business of such corporation, as well as the reckless methods in the transaction of such business by the officers and managers of the corporation, together with allegations showing the misappropriation of funds by John W. Donnell, which properly belonged to the corporation, to the extent of several thousand dollars.

Doubtless the allegations in the bill in the original case (which we have referred to) were made for the purpose of furnishing a basis for the decree which subsequently followed.

We have in the statement in this cause indicated the full scope of the decree rendered by the chancellor in the case of Watkins et al. v. Donnell Manufacturing Company et al. It in substance decreed the dissolution of the corporation; that a receiver be appointed to take charge of the assets and business of said corporation in liquidation; enjoined the individual

defendants, Donnell and Maher, from interfering in any manner with the management of such corporation; following this it was ordered that John H. Holliday, Esq., be appointed receiver for the Donnell Manufacturing Company, and that his bond be fixed at the sum of $40,000, reserving the privilege of the receiver to apply to the court in which such proceeding was pending from time to time for authority to bring suits as such receiver against any person or persons, whether they be defendants in this case or not, for any sums of money which he might ascertain to have been unlawfully taken from the Donnell Manufacturing Company prior to his appointment as such receiver. Finally it was ordered and adjudged by the chancellor that the defendant, John W. Donnell, pay over to said receiver of the Donnell Manufacturing Company the sum of $63,101.28, for salary and interest paid to himself without authority while he was acting as president of the Donnell Manufacturing Company, and that execution issue therefor.

It will be noted that the corporation, the Donnell Manufacturing Company, was made a defendant in that proceeding, together with the other individual defendants, and that the corporation itself, with the other defendants, were contesting the suit as instituted by the plaintiffs, and filed their answer specifically denying each of the allegations made in the bill, and then setting up that the fraud order as issued by the Postmaster-General of the United States had been revoked and that the company had been restored to the use of the mails.

From this record it is clear that the suit of the plaintiffs, to which reference has heretofore been made, of Watkins et al. v. Donnell Manufacturing Company et al., as before stated, was not based upon the provisions of section 1338, Revised Statutes 1899, for the following reasons:

First: The provisions of that section do not contemplate a dissolution of the corporation.

Second: Conceding for the purpose of this case that under the provisions of that section the court, in a proper proceeding, might order and decree the payment of money by the managers, trustees and other officers of a corporation, still it must not be overlooked that the payment of such money so decreed or ordered must be made to the corporation itself, as is provided by that section; hence it follows that this proceeding was not pursuing the provisions of that section for the reason that the decree orders the payment by John W. Donnell of the sixty-three thousand dollars to the receiver of the corporation, and in effect renders a judgment in favor of such receiver for said sum of money, for which execution is ordered issued.

Upon this state of the record, in our opinion, the decree in reference to the dissolution of the corporation and the payment of the sum of money designated by John W. Donnell to the receiver appointed by that decree, is unsound and illogical, and the court had no power or authority to render the decree which was rendered, applicable to those subjects.

The defendant, John W. Donnell, could not be adjudged, as provided by the statute, to pay the designated sum of money to the corporation, for the reason that the decree by its previous recitals had dissolved the corporation. Manifestly, the defendant, John W. Donnell, could not be required to make payment to the receiver of that corporation, for the reason that the receiver was not only not a party to that proceeding, but in fact at the time the decree was rendered had not qualified as such receiver to take charge of the assets of the corporation.

Upon the proposition as to the power of the court to decree a dissolution of the corporation, we have undertaken to furnish a satisfactory solution of that question by pointing out the uniform rule by the text-writ-

ers as well as the adjudicated cases treating of that
subject. We announced our conclusion upon that ques-
tion that the court exceeded its power in ordering the
dissolution of the corporation. It is, in our opinion,
equally clear, that the court exceeded its power and au-
thority in rendering a personal judgment against the
defendant John W. Donnell, for the sum of money des-
ignated in such decree and judgment, either in favor
of the parties plaintiff or in favor of the receiver.

We take it, from the recitations in the decree or-
dering the payment of the money to the receiver and
that execution issue therefor, that the judgment can
only be logically treated as a judgment in favor of the
receiver; however, the judgment for the amount of
money can only be treated as either one in favor of
the plaintiffs in that proceeding, or in favor of the
receiver, either of which is erroneous.

We must not lose sight of the fact that the judg-
ment against John W. Donnell was not in favor of the
corporation; for the decree does not require him to
make payment to the corporation, but to the receiver
of the corporation, which by the previous recitals in
the decree had been dissolved, and furthermore, the
corporation itself was made a defendant and was con-
testing the claims of the plaintiffs. There was no is-
sue in that proceeding between the receiver and John
W. Donnell. As heretofore indicated, the receiver was
not a party to the proceeding, and had not even quali-
fied as such receiver at the time of the rendition of
such decree.

That the court upon the facts as disclosed by the
record in that proceeding, had full power to appoint a
receiver to take charge of the assets of the corporation,
and that such receiver may recover, if the facts so war-
rant it, any sum of money which might have been
wrongfully appropriated by John W. Donnell as an
officer or manager of such corporation, is clear, but in
our opinion it is equally clear that the court, upon the

bill filed by the plaintiffs in Watkins et al. v. Donnell Manufacturing Company et al., had no authority to render a personal judgment for money against John W. Donnell.

The adjudications in this State have very appropriately indicated the proper course of procedure in cases of this character.

In Glover v. Bond Investment Co., 138 Mo. 408, the appointment of a receiver was involved, and this court, speaking through Judge BARCLAY, after reviewing the statutory provisions upon this subject, said: ".One of the purposes for which such an appointment (of a receiver) may be made is to compel payment by any of the officers of a corporation of any money (or of the value of any property) diverted wrongfully from the corporation to their individual use. A receiver appointed with that object may be authorized to sue for and recover any debts, demands, or property due, or justly belonging to, the corporation."

In Thompson v. Greeley, 107 Mo. 577, the course pursued, as indicated in that case, was, that in a suit pending in the circuit court of the city of St. Louis in which one Carlos S. Greeley was plaintiff and the said bank and its directors and officers were defendants, William H. Thompson was appointed temporary receiver of the property, effects and demands of every kind and description of said bank. That at a subsequent term in the final decree and judgment William H. Thompson was continued as receiver of the property as aforesaid, and the title to the property of said bank, real and personal, and all claims and demands whatsoever belonging to it, were by said decree and judgment vested in said Thompson as receiver as aforesaid, with direction to proceed with all convenient speed to collect all sums of money due said bank and to sell and convert into money all of the real estate, and other assets and property of said bank, for the benefit of the creditors of said bank, whose claims might be allowed

by the said court in said proceedings, and for the benefit of said stockholders after payment of debts.  Said directors and officers of said bank were by said judgment and decree enjoined and restrained from exercising any control over the assets of said bank, and were directed to deliver the same to the receiver.  Subsequently the receiver, William H. Thompson, instituted the proceeding against Greeley et al., which was in judgment.  In the case referred to, of Thompson v. Greeley et al., the suit involved was one by the receiver to recover from the officers certain sums of money for a violation of their duties in the management of the corporation.  In other words, the suit was predicated upon a disregard and violation of section 916, Revised Statutes 1879, by which it was alleged in the proceeding that by reason of the failure of such officers and directors to discharge their duties properly under the law, the corporation lost a large sum of money for which a recovery was sought.  Judge MACFARLANE, speaking for this court, ruled that the decree appointing the receiver in the first proceeding was conclusive and binding in the proceeding under consideration; further holding that it was immaterial whether the order appointing the receiver was made in the general equity jurisdiction of the court or under the authority of the statute.  Following this it was expressly held that "as the statute makes no provision either limiting or enlarging the authority of the court in directing the manner in which the receiver should proceed in the performance of his duties, the court had general jurisdiction to make all orders and decrees necessary for subjecting all the property and assets of the corporation to the payment of its debts, and we think the order directing him to prosecute suits against the directors for any liability to the corporation valid."

That case fully recognized the proper method of procedure where it is sought to recover assets belonging to a corporation.  Emphasizing the conclusion that

the proper course in that case was pursued, and that the receiver was a proper party to institute such proceeding to recover assets properly belonging to the corporation, the learned and esteemed judge in discussing that question very clearly announced the rule, that "a receiver of an insolvent corporation succeeds to the title of the property and rights of action of the corporation, when so invested by statute, or by the decree of the court appointing him, and is the proper party to a suit to enforce them by legal proceedings. If a right of action against these directors existed in favor of the corporation, this action is properly prosecuted in the name of the receiver," citing High on Receivers, sec. 316; Thompson on Liability of Officers, 377, and authorities cited by each.

Again we find in the Thompson-Greeley case that an objection was made and earnestly insisted upon to the form of the action. In responding to such objection it was said: "Objection is made to the form of action; that it should have been by bill in equity, and not by action at law for damages. The form of action being against *quasi* trustees, depends upon the character of the liability and the purposes to be accomplished by the suit. No accounting seems necessary in this case. Defendants are liable, if liable at all, for damages for breach of duty and no such complications seem to exist as demand the powers or instrumentalities of a court of chancery. This action we think was properly one at law for damages," citing Hun v. Cary, 82 N. Y. 70; Mining Co. v. Ryan, 42 Minn. 198. In the latter case the court held that where directors waste or misappropriate the funds, or convert assets of a corporation in violation of their trust, or lose them, a recovery at law may be had against the defaulting directors; citing Franklin Fire Ins. Co. v. Jenkins, 3 Wend. 130; Robinson v. Smith, 3 Paige, 222.

In Hun v. Cary, supra, which was an action brought by a receiver against the trustees of a bank, the

court held that the trustees occupied the position of trustees to the depositors and that the suit was one properly tried at law and not in equity.

Learned counsel for respondents direct our attention to the case of Ward et al. v. Davidson et al., and earnestly insist that that case fully supports the correctness of the decree in the case at bar in entering the money judgment against John W. Donnell. We have carefully analyzed that case, its nature and character, as well as the facts upon which it was bottomed and the conclusions reached by this court. In our opinion it is clearly distinguishable from the case at bar. That proceeding, as expressly stated by the learned judge writing the opinion, was based upon section 948 of the Revised Statutes 1879, which is substantially the same as section 1338, Revised Statutes of 1899. The section of the statute upon which that suit was based contemplates a proceeding in the nature of an accounting directly against the directors, managers, trustees or other officers of a corporation, its primary object being to compel such directors, managers, trustees or other officers of a corporation to account for their official conduct in the management and disposition of the funds, property and business committed to their charge, and further to compel such officers to account for and pay to the corporation which they represent all sums of money which they have wrongfully acquired for themselves belonging to the corporation, or may have lost or wasted by any violation of their duties or abuse of their powers as such officers. In other words, conceding for the purposes of this case that under the provisions of section 1338 a money judgment might be rendered upon a proper proceeding by a decree of payment to the corporation, such action under the provisions of the statute, must be treated as a direct proceeding against the officers for an accounting in pursuance of the primary object and purposes of that statute.

The case of Watkins et al. v. Donnell Manufacturing Company et al., is distinguishable from that case in that, as heretofore pointed out, the relief sought is not predicated upon the provisions of the statute, but by a bill in equity in which the dissolution of the corporation is sought and the appointment of a receiver to administer the assets of the corporation in liquidation, etc. It is again to be distinguished from the Davidson case in that in the Davidson case the money decrees were in harmony with the provisions of the statute and were entered in favor of the corporation against the officers of such corporation in a direct proceeding for an accounting under the provisions of the statute. In the case involved in the present controversy the money decreed to be paid by John W. Donnell was not to be paid to the corporation, but to be paid to the receiver. It must not be overlooked in the consideration of this proposition that the corporation, under the previous recitals of the decree, had been dissolved and the receiver was appointed to administer the assets of such dissolved corporation, and, as heretofore pointed out, the receiver was not a party to the proceeding, nor had he qualified as such receiver at the time of the rendition of the money judgment against John W. Donnell.

Now, while under the provisions of section 1338 a receiver might be appointed, and in the Davidson case, upon which counsel for respondents rely, there was a receiver appointed, it will be observed that the court in that case did not undertake to decree the payment of the money to the receiver, but expressly decreed the payment as provided by the statute, to the corporation.

The plaintiffs in the Watkins case were manifestly not entitled to the money judgment for sixty-three thousand dollars against John W. Donnell, and it is equally clear that the receiver, who was not a party to that proceeding, was not entitled to such a judgment; and the Davidson case falls far short of furnishing any

support to the decree of the money judgment as rendered in the case now being considered.

The conclusions reached in this case are by no means to be construed as in any way affecting the power of the courts in the exercise of their well-recognized jurisdiction, to control and regulate the official conduct of trustees, officers and managers of corporations, to the end that the minority stockholders as well as the creditors of such corporation may be fully protected.

As herein indicated, in the proceeding by Watkins et al. v. Donnell Manufacturing Company et al., the court, beyond dispute, had the power to appoint the receiver and authorize him to institute appropriate suits for the recovery of all assets which properly belonged to the corporation; but we are unwilling to sanction the enforcement of a money judgment in a proceeding where there was no issue involved between the parties who might under the laws of the country be entitled to recover the amount of such judgment, and a defendant in such proceeding.

In the original case, that is the Watkins case, the plaintiffs clearly were not entitled to a recovery in their behalf of the money judgment; the corporation was not seeking any judgment, for it was contesting the claims of the plaintiffs by the denials in its answer, and, emphasizing the fact that the corporation was not seeking a judgment, the chancellor in that proceeding decreed the dissolution of the corporation; and we repeat that the receiver was not entitled to any judgment for sixty-three thousand dollars against John W. Donnell, for the reasons heretofore pointed out, and that there was no issue between the receiver and John W. Donnell, and the reciver was not even a party to the proceeding.

We have given expression to our views upon the proposition disclosed by the record before us. Our conclusions are, as herein indicated, that the trial court

225 Sup—14

in the case of Watkins et al. v. Donnell Manufacturing Company et al. exceeded its jurisdiction and power in its decree dissolving the corporation and rendering a money judgment against John W. Donnell; and that the court should be prohibited from further exercising jurisdiction respecting the enforcement of the decree upon those subjects.

It is therefore ordered that the preliminary rule of prohibition be made absolute to the extent of prohibiting the court from enforcing those portions of its decree wherein the corporation was dissolved and a money judgment rendered against John W. Donnell.

*Valliant, C. J., Burgess, Gantt, Graves* and *Woodson, JJ.,* concur; *Lamm, J.,* concurs in the second paragraph, but dissents as to the first paragraph.